# Ewing v. Ewing.

(Decided June 12, 1934.)

MILLIKEN & MILLIKEN for appellant.
RODES K. MYERS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Dr. W. M. Ewing died in Smith Grove, Warren county, Ky., on January 6, 1928, leaving a will which was admitted to probation by the Warren county court on January 23, 1928.

Item No. 3 of the will devised to Violet M. Ewing, wife of testator, all of his household goods and furniture with the exception of a certain chair. Item No. 5 of the will reads:

"I hereby give and devise to Frank S. Ewing, as my Trustee, for my wife, Violet Ewing, all my real estate and interest in real estate owned by me at the time of my death wheresoever the same shall be located to be held by said Frank S. Ewing for the sole use and benefit of my said wife during her life time or widowhood. She to receive all the rent, profits, and income therefrom and I hereby impower said trustee to sell all or any of said property and reinvest the proceeds of such sale or sales at any time or times as he shall deem to the best interest of my estate. This trust shall terminate the remarriage or death of my said wife and at its termination it is my will and desire that all said real estate go to my said brother, Frank S. Ewing, this provision to apply to property purchased with

the proceeds of any of the real estate which may be sold as well as the original real estate owned by me at the time of my death.''

Violet M. Ewing was present in the Warren county court when the will was probated, but made no objections to its probation or otherwise until the filing of this suit. The provisions of the will were carried out by Frank S. Ewing, trustee, and by Mrs. Ewing, who accepted its provisions.

On October 7, 1931, Mrs. Ewing filed her petition in the Warren circuit court attacking the validity of the will on grounds of mental incompetence of the testator, to which a demurrer was sustained. She then filed an amended petition alleging fraudulent misrepresentations on part of Frank S. Ewing and other devisees interested in the will, which, she alleged, prevented her from filing suit to set aside the probate of the will. Demurrer was sustained to this amended petition. In May, 1932, Mrs. Ewing filed a second amended petition by which she sought an appeal from the action of the Warren county court in probating the will, alleging that Dr. Ewing was a resident of Cave City, Barren county, Ky., at the time of his death, and that the Warren county court was without jurisdiction to probate the will, and that the attempted probation was void. Demurrer was overruled to the last-amended petition, and issue joined on the question of residence of the testator at the time of his death. The evidence was heard, and the court entered a judgment adjudging that Dr. Ewing was a resident of Barren county at the time of his death, and that the Warren county court was without jurisdiction to probate the paper offered as the last will and testament of Dr. Ewing, deceased, and the orders of the Warren county court in probating or attempting to probate the paper so offered were void. From this judgment the executor, Frank S. Ewing, prosecutes this appeal.

The facts briefly, in substance, are: Dr. Ewing had for many years lived at Cave City, Barren county, Ky., where he owned his home and office. He became ill with tuberculosis and apparently unable to follow his profession, and in August, 1927, he and his wife closed their residence in Cave City, and stored their household goods in a room and rented the other parts, and went to Smith Grove in Warren county where his brothers

lived, where he also owned property. During the interval between August, 1927, and January, 1928, his wife made casual visits to their former home in Cave City, Barren county, to get clothing and such other articles as they desired, but they remained in Smith Grove, Warren county, until Dr. Ewing's death on January 6, 1928.

On the issue of whether or not Dr. Ewing had made a permanent change of his residence from Cave City, Barren county, to Smith Grove, Warren county, with the intention to permanently reside at the latter place, or whether he was there temporarily with the intention of returning to his former home in Cave City, Barren county, was a question of fact to be determined from the evidence, which was conflicting. It is insisted for appellants that the testimony of Mrs. Ewing, the widow, was incompetent under section 606 of the Civil Code of Practice, and that the court erred in permitting her to testify or considering her testimony. It would serve no good purpose in this opinion or to the parties concerned to give time and space to a recital or repetition of the testimony of various witnesses for the respective parties. It is sufficient to say that conceding, arguendo, certain parts of Mrs. Ewing's testimony was incompetent, yet it is our opinion such of her testimony as was competent, together with other competent testimony and corroborating circumstances, are sufficient to sustain the chancellor in his finding that Dr. Ewing was a legal resident of Barren county at the time of his death, and, therefore, the Warren county court was without jurisdiction to probate the paper purporting to be Dr. Ewing's will.

Kentucky Statutes, sec. 1404, gives the widow twelve months after the probation of a will in which to renounce it or accept its provisions. Section 4852, Kentucky Statutes, reads:

"No will shall be received in evidence until it has been allowed and admitted to record by a county court; and its probate before such court shall be conclusive, except as to the jurisdiction of the court, until the same is superseded, reversed or annulled."

The Warren county court being without jurisdiction to probate the will, the orders so made and entered by that court were void and may be attacked by either a direct or collateral proceeding. Miller v. Swan, 91

Ky. 36, 14 S. W. 964, 12 Ky. Law Rep. 629; Houser v. Paducah Lands Co., 157 Ky. 252, 162 S. W. 1113; Murrell, Ex'r, v. Wing, 6 Ky. Opin. 667; Barnes v. Edward, 17 B. Mon. 632; Drake's Adm'r v. Vaughan, 6 J. J. Marsh. 143.

Any devisee under the will or other interested party has the right to have the will properly probated, and, there having been no probation of the will, the one-year statute (section 1404) had not run against Mrs. Ewing or other interested parties.

The last-amended petition upon which the action was finally based and prosecuted involved only the issue pertaining to the residence of the testator, but did not ask an adjudication respecting the validity of the will nor the rights of the devisees thereunder. The judgment of the circuit court merely adjudged that the attempted probation of the will in the Warren county court was void, but does not attempt to adjudicate the validity of the will or the rights of the devisees thereunder, and none of these questions were before the lower court, nor are they now before this court. These questions may be adjudicated after a proper probation of the will.

The judgment is affirmed.

The whole court sitting.