**Edwin G. MIDDLETON, Jr.; Charles G. Middleton, III, as Co-Executor of the Estate of Huntley L. Middleton; and Cathy Reagan, as Co-Executor of the Estate of Huntley L. Middleton, Appellants**

v.

**James J. SAMPEY; Nancy Lampton; Hardscuffle Inc., and Its Subsidiary American Life and Accident Insurance Company of Kentucky, Appellees**

NO. 2015-CA-001029-MR

Court of Appeals of Kentucky.

JUNE 16, 2017; 10:00 A.M.

BRIEFS FOR APPELLANTS: Charles G. Middleton, III, Louisville, Kentucky.

BRIEF FOR APPELLEE, Nancy Lampton: John S. Reed, Michael W. Oyler, Louisville, Kentucky.

BRIEF FOR APPELLEE, James J. Sampey: Donald J. Kelly, Michelle D. Wyrick, Louisville, Kentucky.

BRIEF FOR APPELLEES, Hardscuffle, Inc. and American Life and Accident Insurance Company of Kentucky: Jessica P. Corley, Charles W. Cox, Atlanta, Georgia.

BEFORE: CLAYTON, DIXON, AND D. LAMBERT, JUDGES.

## OPINION

DIXON, JUDGE:

Edwin G. Middleton, Jr., and the estate of Huntley L. Middleton[1] appeal from an order of the Jefferson Circuit Court dismissing their claims against James J. Sampey, Nancy Lampton, Hardscuffle, Inc., and its subsidiary American Life and Accident Insurance Company of Kentucky. We affirm.

Hardscuffle and American Life are closely held family corporations. American Life was incorporated in 1906 and engaged in the business of writing insurance policies. In 1990, American Life acquired Hardscuffle, which owned and operated a 313-acre farm in Oldham County, Kentucky. Lampton, the granddaughter of American Life's founder, has been the chairman and a director of both companies for many years. Appellants and Lampton are first-cousins, and Appellants are the remaindermen beneficiaries of four trusts ("Middleton Trusts") that own stock in the companies.[2] Sampey was a long-time officer and director in the companies, and he was the trustee of the Middleton Trusts from 1992-2009.

In August 1999, American Life and Hardscuffle entered into a share exchange agreement, wherein American Life would become the wholly owned subsidiary of Hardscuffle. Appellants' mother, Mary Jane Lampton Peabody, was a member of the American Life board of directors, and she remained on the board after the share exchange. A private placement memorandum was distributed to American Life's shareholders detailing the terms of the agreement, indicating the board of directors supported the exchange, and advising shareholders of their dissenters' rights. The memorandum further advised shareholders that all stock options previously granted to executive officers, including Lampton and Sampey, would be converted into options for Hardscuffle stock.[3] In Jan-

---

1. Huntley died while this appeal was pending. This Court granted the motion filed by the co-executors of Huntley's estate to be substituted as parties on appeal.

2. Appellants' mother, Mary Jane Lampton Peabody, was the life beneficiary of the trusts until her death in 2015.

3. The memorandum stated American Life had entered into stock option agreements with the officers on December 28, 1992, and that the options would terminate on December 28, 2007. Lampton had the option to purchase 15,000 shares, while Sampey had the option to purchase 2000 shares.

uary 2000, Lampton and Sampey executed a shareholders' voting agreement to vote their personal shares as a block.

Several years after the share exchange, Appellants filed a shareholder derivative action against Lampton and other board members alleging mismanagement of the companies. In July 2013, the Jefferson Circuit Court dismissed the derivative action without prejudice due to Appellants' failure to establish they made a pre-suit demand on the board of directors or that a demand would have been futile. In December 2014, Appellants filed a second lawsuit asserting direct claims against Lampton alleging she violated her fiduciary duties as a director of the companies. Appellants also asserted a claim against Sampey for breach of trust, contending he failed to disclose his voting agreement with Lampton, which was a conflict of interest and detrimental to the Middleton Trusts.

Each of the Appellees moved to dismiss pursuant to CR 12.02(f), alleging Appellants' claims were time-barred, Appellants lacked standing, and the claims were precluded by collateral estoppel. The circuit court granted dismissal, and this appeal followed.

■ A review of the court's order indicates it considered matters outside the pleadings in reaching its decision on the motion to dismiss. A trial court is free to consider matters outside the pleadings; however, doing so converts the request for dismissal into a motion for summary judgment. CR 12.02; *McCray v. City of Lake Louisvilla*, 332 S.W.2d 837, 840 (Ky. 1960). Accordingly, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

■ "In instances where a trial court is correct in its ruling, an appellate court, which has de novo review on questions of law, can affirm, even though it may cite other legal reasons than those stated by the trial court. The trial court in that instance reached the correct result, and thus will not be reversed." *Fischer v. Fischer*, 348 S.W.3d 582, 589–90 (Ky. 2011). In the case at bar, the court's order addressed the issues of standing and collateral estoppel. However, after careful review, we decline to address those issues because Appellants' claims were time-barred.

Appellants' claims focus on the shareholders' voting agreement between Lampton and Sampey in January 2000, and the stock purchase options, which terminated on December 28, 2007. According to Appellants, the stock options, coupled with the voting agreement, provided Lampton the opportunity to gain control of Hardscuffle by diluting the value of the shares held by the Middleton Trusts.

■ First, as to the claims against Lampton, a five-year limitations period, found in KRS 413.120(6), applies to an action for breach of fiduciary duty. *Ingram v. Cates*, 74 S.W.3d 783, 787 (Ky. App. 2002). Here, Appellants filed their complaint on December 30, 2014, approximately fifteen years after the voting agreement was executed, and seven years after the stock purchase options expired. However, Appellants contend they did not discover the existence of the Lampton-Sampey voting agreement until June 2010; accordingly, they argue the discovery rule applies to their claims, tolling the statute of limitations.

■ "The discovery rule acts to delay the accrual of a cause of action until the plaintiff discovers, or should have reason-

ably discovered his injury." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 796 (Ky. 2003). In *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. App. 1998), this Court explained, "With the exception of cases involving latent injuries from exposure to harmful substances, Kentucky courts have generally refused to extend the discovery rule without statutory authority to do so." For example, it is clear the legislature extended the discovery rule to actions for medical malpractice, KRS 413.140(2), as well as claims of professional negligence, KRS 413.245. However, there is no statutory authority to extend the discovery rule to breach of fiduciary duty claims under KRS 413.120(6); consequently, we conclude Appellants' claims against Lampton were untimely. *See Rich & Rich Partnership v. Poetman Records USA, Inc.*, 714 F.Supp.2d 657, 668 (E.D. Ky. 2010) (applying Kentucky law and concluding the discovery rule is inapplicable to fiduciary duty claims).

■ As to the statute of limitations applicable to Appellants' breach of trust claim against Sampey, we must address the Kentucky Uniform Trust Code, KRS Chapter 386B, which was enacted July 15, 2014. The limitations provision, KRS 386B.10-050(4), was amended in June 2015 to extend the discovery rule to actions for breach of trust, providing a five-year limitations period from the "discovery of an injury by a trustee to the rights of the beneficiary." Although we are mindful of Appellants' assertion they did not discover Sampey's alleged misconduct until 2010, we must conclude the limitations period of KRS 386B.10-050(4) does not apply to their claim. A close reading of KRS 386B.11-040(2) provides:

> If a right is acquired, extinguished, or barred upon the expiration of a prescribed period that has commenced to

run under any other statute before July 15, 2014, that statute continues to apply to the right even if it has been repealed or superseded.

Prior to July 2014, KRS 413.120 applied to a breach of trust claim, requiring "[a]n action for an injury by a trustee to the rights of a beneficiary of a trust" to be brought within five years. Pursuant to the plain language of KRS 386B.11-040(2), the previous limitations period of KRS 413.120 continues to apply, and KRS 413.120 does not specifically extend the discovery rule to breach of trust claims. As a result, we decline to apply "the discovery rule without statutory authority to do so." *Secter*, 966 S.W.2d at 288 (Ky. App. 1998). We conclude the claim against Sampey was untimely.

■ Next, Appellants alternatively argue the "continuing violation doctrine" tolled the limitations period because the misconduct perpetrated by Lampton and Sampey was on-going.

Although our courts have discussed the doctrine, its applicability has been limited to claims brought under the Kentucky Civil Rights Act. In *Ammerman v. Board of Education of Nicholas County*, 30 S.W.3d 793 (Ky. 2000), the Kentucky Supreme Court explained that the usual five-year limitations period applicable to civil rights claims may be equitably tolled "if the discriminatory act constitutes a 'continuing violation[.]'" *Id.* at 798; *see also Walker v. Commonwealth*, 503 S.W.3d 165, 172 (Ky. App. 2016) (discussing applicability of continuing violation doctrine to discrimination and retaliation claims). As the Supreme Court has only applied this tolling exception in discrimination cases we decline to expand its application to claims for breach of fiduciary duty and breach of trust.

In sum, Appellants' complaint was filed in December 2014, well outside the applicable five-year limitations period. As the claims were time-barred, the trial court's decision to dismiss the action was proper.

For the reasons stated herein, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.