RENDERED:  MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1752-MR

SUZANNE MCGAHA AND                                    APPELLANTS
CLIFFMAN MCGAHA


|       | APPEAL FROM RUSSELL CIRCUIT COURT |
|-------|-----------------------------------|
| v.    | HONORABLE VERNON MINIARD, JR., JUDGE |
|       | ACTION NO. 14-CI-00364            |


DAMON MCGAHA; JUNE MCGAHA,
IN HER CAPACITY AS CO-
EXECUTOR OF THE LEON
MCGAHA ESTATE AND IN HER
OFFICIAL CAPACITY, AND AS
DEVISEE OF LEON MCGAHA'S
LAST WILL AND TESTAMENT;
JUNE MCGAHA AS EXECUTRIX OF
THE ESTATE OF STEVEN KELSEY,
DECEASED, AND THE ESTATE OF
STEVEN KELSEY, DECEASED;
MARK MCGAHA, IN HIS CAPACITY
AS CO-EXECUTOR OF THE LEON
MCGAHA ESTATE AND IN HIS
INDIVIDUAL CAPACITY, AND AS
DEVISEE OF LEON MCGAHA'S
LAST WILL AND TESTAMENT;
BILLY KELSEY INDIVIDUALLY
AND AS DEVISEE OF LEON
MCGAHA'S LAST WILL AND
TESTAMENT; AND JORDAN

KELSEY INDIVIDUALLY AND AS
DEVISEE OF LEON MCGAHA'S
LAST WILL AND TESTAMENT                                    APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

CALDWELL, JUDGE:  Suzanne McGaha and Cliffman McGaha appeal from an order of the Russell Circuit Court which:  1) denied leave to amend an answer to assert a cross-claim, and 2) dismissed the action below.  They also appeal from an order denying their motion for partial summary judgment.  For the reasons set forth herein, we reverse and remand for further proceedings.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Leon McGaha owned a tire store and raised cattle.  He was married to his second wife, June McGaha, at the time of his death.  He had three adult children from his first marriage (Mark, Damon, and Suzanne McGaha) and a grandson, Cliffman "Cliff" McGaha (son of Suzanne McGaha).  For clarity, we will refer to each McGaha by his/her first name.

In September 2013, Leon suddenly became very ill and was diagnosed with cancer.  Later that month, he executed a Durable Power of Attorney (POA) document naming June and Mark his attorneys-in-fact.  Unfortunately, Leon's

health continued to decline over the next several months. According to some family members, Leon expressed a desire to divide his estate equally among his grown children when he passed away.

On April 3, 2014, Leon executed a will in which Mark and June were named co-executors. Under the will, Mark would receive the tire store—including both real property and personal property associated with it. June would receive the residence and farm on which she and Leon lived, a farm bank account, and some personal property such as vehicles. Suzanne and Cliff were bequeathed portions of proceeds of cattle sales to take place after Leon's death, as well as some tangible items of personal property. Additional bequests were made for June's children from a prior marriage. The residue of Leon's estate would be divided equally between June, Mark, and Suzanne. But Damon received nothing under the will and a clause provided that anyone challenging the will would receive just one dollar from the estate.

On April 4, 2014, the POA document was recorded. That same day, June (as Leon's attorney-in-fact) purportedly conveyed the tire store real property to Mark and his wife by a recorded deed. On April 7, 2014, Leon died.

In May 2014, the Russell District Court entered an order probating Leon's will and naming June as the executor of Leon's estate. The probate petition listed Mark and June as petitioners and provided contact information for attorney

Matthew DeHart. However, the petition was neither signed nor verified by Mark, June, DeHart, or anyone else. Mark and June filed the fiduciary bond required by the district court and filed an inventory and appraisement of the estate.

In November 2014, Damon filed an action in Russell Circuit Court challenging the validity of Leon's will and asserting *inter alia* claims of undue influence and breach of fiduciary duties against Mark and June. He also named other defendants in his complaint, including Suzanne and Cliff, as they were purported devisees under Leon's will and were joined for purposes of notice.

Damon asserted that the probate petition was defective because it was neither signed nor verified, among other reasons. He further alleged several violations of statutes governing probate and administration of estates. Damon requested relief including a declaration that the purported will was invalid, an accounting, and setting aside certain transactions.

Suzanne and Cliff filed a joint answer to the complaint. They stated that they did not contest or challenge Leon's will and did not join in Damon's challenge of Leon's will. They admitted that Leon had been ill and had stated he would divide his estate equally among his children. Generally, however, they asserted they lacked sufficient knowledge to know whether most allegations in the complaint were true or whether most of the requested relief was warranted.

Suzanne and Cliff asked the trial court to protect their interests under the will or as heirs of law or as otherwise provided by law or in equity. They also requested that the trial court enter judgment declaring that they did not violate any provision of the will including the "no contest" clause. They asked the trial court to enter judgment declaring the parties' rights to the estate whether under the will or as heirs at law or any other basis in law or equity. But their answer did not expressly state that they were lodging any cross-claims or counterclaims.

In 2017, Suzanne and Cliff filed a motion for partial summary judgment against Mark and June. They had not requested leave to amend their joint answer to assert any cross-claims or other type of claims at this point. Yet they requested relief in their motion, specifically: 1) setting aside the transfer of the tire store and the allegedly premature distribution of the tractor to Mark, 2) ordering the tractor proceeds and the tire store real and personal property back into Leon's estate, and 3) requiring Mark to account for all profits and receipts from the tire store since Leon's death.

Mark and June filed a response, arguing *inter alia* that Suzanne and Cliff lacked standing since Suzanne and Cliff had filed no claims against Mark and June. Damon also filed a response, indicating his agreement with the factual and legal arguments Cliff and Suzanne made in their motion for partial summary judgment against Mark and June. Following a hearing, the trial court entered an

order in which it briefly discussed other issues and then found "the Motion is premature at this point" and so denied the motion

By early August 2019, Damon had reached an agreement to settle his claims against Mark and June. Apparently, a notice of dismissal (presumably referring to Damon's claims and/or lawsuit in circuit court) was filed in Russell District Court about August 2, 2019.[1]

On August 6, 2019, Suzanne filed a pleading styled as a motion for leave to amend answer and to add cross-claim and objection to dismissal. Cliff did not join in this pleading, although Suzanne stated in the pleading that neither she nor Cliff consented to dismissal of the action. Suzanne attached to her supporting memorandum an affidavit of Damon's counsel, in which he averred that he signed an order of dismissal[2] based on counsel for Mark and June promising to delay filing the order pending settlement negotiations with Suzanne and Cliff.

In the "Cross-Claim"[3] asserted in Suzanne's tendered amended answer, she alleged *inter alia* that Mark and June tortiously interfered with a valid

---

[1] Although there appears to be no dispute such notice was filed, we were not provided with a copy of it nor does it appear within the record on appeal from the Russell Circuit Court.

[2] Despite any references to some parties' signing an order of dismissal, there is no agreed order of dismissal or voluntary stipulation of dismissal or similar pleading in the circuit court record. Perhaps the intent was to refer to a notice of dismissal in the district court proceeding.

[3] Although styled as a singular cross-claim, perhaps the fourteen paragraphs of text under the cross-claim heading might be reasonably construed as alleging multiple causes of action.

devise and breached fiduciary duties in various capacities including acting under the POA. She also asserted that she was entitled to a declaration of whether Leon had lacked testamentary capacity and whether Mark and June had exercised undue influence.

After a couple of hearings on the motion for leave to amend and pleadings filed in response, the trial court took the matter under advisement without making any oral rulings. Later, the trial court issued a terse written order denying Suzanne's motion and dismissing the action as settled:

> Comes the Court on the defendant, Suzanne McGaha's, Motion to Amend Answer and to add Crossclaim against the defendants, June McGaha and Mark McGaha. The Court having read the memorandums [sic] and briefs of the parties in support thereof and against the motion, and the Court being sufficiently advised, it is hereby **ORDERED** and **ADJUDGED** that Suzanne McGaha's motion is hereby **OVERRULED** and consequently, as a result, there are no other issues before the Court in this matter with the plaintiff having settled his claim, and therefore, this action is hereby **DISMISSED AS SETTLED**. This is a final and appealable order and there is not just cause for delay.

Suzanne and Cliff[4] then filed a timely appeal of this order as well as the trial court's earlier order denying their motion for partial summary judgment.

---

[4] Though not addressed by the parties, it is unclear how Cliff and Suzanne, via the same attorney, both appeal from the denial of the motion for leave to file an amended answer and add a cross-claim since Cliff did not join in Suzanne's motion. And in light of actual or potential differences in Cliff's and Suzanne's positions and interests, legitimate concerns might be raised about their continued joint representation by the same counsel. *See generally* Kentucky Rules of Supreme Court (SCR) 3.130(1.7).

-7-

## STANDARD OF REVIEW

Kentucky Rules of Civil Procedure (CR) 15.01 provides that subject to certain stated objections not relevant here, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." We review a trial court's ruling on a motion for leave to amend a pleading under an abuse of discretion standard of review. *Graves v. Winer*, 351 S.W.2d 193, 197 (Ky. 1961).

## ANALYSIS

### *Trial Court Erred in Denying Leave to Amend and in Dismissing Action*

Upon review of the record herein, we conclude that the trial court abused its discretion in denying Suzanne leave to amend her answer. Without any express articulation in the record of the trial court's reasons for denying the request, we presume the trial court must have concluded that the cross-claim she wished to assert via amended answer was time-barred, given the five-year-plus age of the circuit court action. But based on our review of the record, any such conclusion that Suzanne's cross-claim is wholly time-barred is not supported by a proper application of the law.

Suzanne's asserted cross-claim raised issues about the validity of the will and the conduct of probate proceedings and administration of Leon's estate.

Generally, this type of cross-claim is subject to the two-year statute of limitations in Kentucky Revised Statute (KRS) 394.240(1):

> Any person aggrieved by the action of the District Court in admitting a will to record or rejecting it may bring an original action in the Circuit Court of the same county to contest the action of the District Court. Such action shall be brought within two (2) years after the decision of the District Court. The parties may, in the same action, or in a separate action if the validity of the will is not in issue, seek construction, interpretation or reformation of a will.

Suzanne asserts that because the probate petition was unsigned and unverified, the district court lacked jurisdiction to probate the will and its order admitting the will to probate was void. She argues that the two-year statute of limitations in KRS 394.240(1) never began to run. We agree.

KRS 394.145 specifically provides: "When any will is offered for probate, the court shall require a verified application to be filed by the person offering the same." Thus, KRS 394.145 is one of a limited number of Kentucky statutes which mandate that a particular type of petition be signed and verified. *See* 11 Leslie W. Abramson, *Ky. Prac. Civ. Proc. Forms* § 8:1 (2020) (Listing several statutes requiring verification for commencing certain actions after noting: "Under the Kentucky Rules of Civil Procedure, verification is the exception, not

the rule."). So, the failure to sign and verify the probate petition is not an insignificant omission.[5]

Instead, the failure to sign and verify the petition means that the district court lacked jurisdiction over the case. *See Kentucky Unemployment Insurance Commission v. Wilson*, 528 S.W.3d 336, 339 (Ky. 2017) (strict compliance with specific statutory requirement for verification of petition for judicial review of administrative ruling was necessary to invoke the circuit court's jurisdiction). Therefore, the statute of limitations regarding actions relating to its probate decision did not begin to run. *Ewing v. Ewing*, 255 Ky. 27, 72 S.W.2d 712, 713 (1934) (when husband's will was probated in the wrong county contrary to statutory requirement that probate occur in county of testator's residence, court lacked jurisdiction to probate the will so its probate order was void and widow's will contest was allowed to proceed despite its not being filed within the twelve months after probate afforded by statute for widow to accept or renounce will).

Until there is a valid filing of a properly signed and verified probate petition, the statute of limitations for actions relating to probate or the validity of

---

[5] Mark and June do not deny that the probate petition was unsigned and unverified. While not directly addressing in their brief how the district court could have jurisdiction without a properly signed and verified probate petition, they simply assert the Russell District Court had jurisdiction to probate Leon's will because he was a resident of Russell County.

-10-

the will[6] simply could not begin to run.  So, assuming that the trial court denied the

motion for leave to amend based on a determination that Suzanne's asserted cross-

claim would be wholly time-barred, that was in error.[7]

In short, the cross-claim could not be entirely time-barred under a

proper application of the law[8] so the trial court erred in denying leave for Suzanne

---

[6] Suzanne argues in her brief that because the probate petition was unsigned and unverified making the district court probate order void, "[t]he entry of the District Court Order did not begin the running of any statute of limitations, including, without limitation, KRS 394.240 (relating to will contests) or KRS 413.120 (relating to breach of fiduciary duty)."  (Appellants' brief, pp. 8-9).  But legitimate questions may arise how the district court's probate order affects the running of the statute of limitations in KRS 413.120 regarding breaches of fiduciary duty allegedly occurring prior to Leon's death—such as any breach of fiduciary duty which may have occurred with June's conveying the tire store to Mark by deed purportedly under her powers as an attorney-in-fact under the POA.  As Suzanne's cross-claim appears to primarily concern the validity of the will and alleged breaches of fiduciary duty occurring after Leon's death, however, we agree that the bulk of her cross-claim is not barred by the statute of limitations so the trial court erred in denying her leave to amend her answer and add her cross-claim.  However, upon the filing of her amended answer and cross-claim, Mark and June are presumably free to raise other issues or defenses by responsive pleading or proper motion.

[7] Although the argument is not re-asserted in their appellate brief, Mark and June argued to the trial court denial of the motion for leave to amend to assert cross-claims is supported by the equitable doctrine of laches.  Yet the trial court did not explicitly premise its denial of leave to amend on laches and it did not issue explicit findings on factual matters necessary to support the application of laches such as delay and prejudice.  *See generally Plaza Condominium Ass'n, Inc. v. Wellington Corp.*, 920 S.W.2d 51, 53 (Ky. 1996) ("necessary to a successful plea of laches is the additional element of prejudice as a result of the delay.").  Thus, it would not be proper for this Court to make its own findings on such fact-intensive matters.  *See Calhoun v. CSX Transp., Inc.*, 331 S.W.3d 236, 245 (Ky. 2011) ("In this Commonwealth, it is axiomatic that appellate courts are not fact-finders . . . the Court of Appeals exceeded its scope of review when it made factual findings regarding the validity of some of Appellants' evidence.").

[8] Suzanne also argues in her brief that breach of fiduciary duty claims are governed by a five-year statute of limitations pursuant to KRS 413.120.  Mark and June do not respond to her argument about applying a five-year statute of limitation to breach of fiduciary duty claims in their brief—instead they appear to focus solely on their argument that Suzanne's cross-claim is time-barred under KRS 394.240.

to amend her answer and add her cross-claim.  As her cross-claim is clearly not time-barred under KRS 394.240, we need not address whether it relates back to her original answer.[9]

Considering our conclusion that the trial court erred in denying Suzanne's request for leave to amend her answer to add a cross-claim and that we

---

We conclude only that Suzanne's asserted cross-claim was clearly not entirely time-barred as the statute of limitations in KRS 394.240 does not begin to run until the filing of a signed and verified and otherwise proper probate petition is filed, so the trial court erred in denying her leave to amend her answer and add her cross-claim.  But should any issues about breach of fiduciary duty claims arise upon remand, we note our precedent on the statute of limitations regarding breach of fiduciary duty to help provide clarity to the trial court and parties.

Our precedent holds that a five-year limitations period applies to a claim breach of fiduciary duty as "[a]n action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated" (KRS 413.120(6))—not as "[a]n action for relief or damages on the ground of fraud or mistake" under KRS 413.120(11).  *See Middleton v. Sampey*, 522 S.W.3d 875, 878 (Ky. App. 2017) ("a five-year limitations period, found in KRS 413.120(6), applies to an action for breach of fiduciary duty."); *Ingram v. Cates*, 74 S.W.3d 783, 787 (Ky. App. 2002) (action for breach of fiduciary duties by attorney-in-fact under a power of attorney document governed by five-year statute of limitations for "actions not arising on contract and not otherwise enumerated"—then contained at KRS 413.120(7) under prior version of statute).  And contrary to Suzanne's argument that the discovery rule applies to breach of fiduciary duty claims, we have held: "there is no statutory authority to extend the discovery rule to breach of fiduciary duty claims under KRS 413.120(6)[.]"  *Middleton*, 522 S.W.3d. at 879.

Though we conclude that Suzanne must be granted leave to file her amended answer with her cross-claim on remand, we express no opinion on any defenses which Mark and June might raise in a responsive pleading or by proper motion on remand.

[9] While the parties discussed the concept of relation back at length in pleadings filed before the trial court and in their appellate briefs, the trial court did not explicitly rule upon or discuss relation back issues from our review of the record.  As we conclude that the bulk of Suzanne's cross-claim cannot be time-barred under a proper application of the law and as we are unaware of any authority allowing a trial court to grant in part and deny in part a motion for leave to file a tendered amended pleading, we need not discuss whether any possibly more problematic portions of her cross-claim might relate back to the original answer.  Instead, we simply direct that Suzanne be permitted to file her tendered amended answer and cross-claim and Mark and June may raise any defenses or issues to that via responsive pleading or proper motion.

remand with instructions to order her tendered amended answer with cross-claim filed, at least one claim will thus remain before the trial court for its determination. Consequently, the trial court's dismissal of the action premised on the lack of remaining claims before it cannot stand.[10] Therefore, we also reverse its prior dismissal of the entire action and we remand for further proceedings in conformity with this opinion.

*We Decline to Address the Denial of the Partial Summary Judgment Motion*

Since the trial court denied the motion for partial summary judgment as "premature at this point" thus indicating that it might re-visit the issue and as it is not clear to us whether there were factual disputes about the issues presented

---

[10] As we reverse the dismissal of the action upon our determination that Suzanne was entitled to assert her cross-claim and thus there remained at least one claim before the trial court for its resolution, we need not reach the parties' arguments concerning the terms of the settlement agreement between Damon and Mark and June or whether Cliff and Suzanne were third-party beneficiaries entitled to enforce the terms of this agreement. Indeed, since the settlement agreement is not in the record before us, we cannot opine as to its terms or scope. Nor do we need to reach any arguments about application of CR 41's requirements.

herein,[11] we decline to determine whether the trial court properly denied the

motion for partial summary judgment.[12]

[11] Usually, a trial court's denial of summary judgment is not considered appealable due to its interlocutory nature. And even when a final judgment has been entered following further proceedings, an order denying summary judgment on the basis of lack of genuine issues of material fact is not reviewable on appeal. *Roman Catholic Bishop of Louisville v. Burden*, 168 S.W.3d 414, 419 (Ky. App. 2004). But an exception to the general rule allows for appellate review of a trial court's order denying summary judgment when four specific requirements are met: "(1) the facts are not in dispute, (2) the only basis of the ruling is a matter of law, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom." *Id.* at 419 (quoting *Transportation Cabinet, Bureau of Highways, Commonwealth of Kentucky v. Leneave*, 751 S.W.2d 36, 37 (Ky. App. 1988)). *See also Gumm v. Combs*, 302 S.W.2d 616, 617 (Ky. 1957).

[12]     Although we do not pass judgment on the trial court's ruling on the partial summary judgment motion, its discussion of some issues in the order is somewhat perplexing.

The trial court found ambiguities in the POA's provisions about gifting powers. It further found that "a Will was executed on April 3, 2014, giving the property in question [the tire store] to the Defendant, Mark McGaha, and that the conveyance of the property was executed on April 4, 2014." The trial court then opined that "the Will sets out the wishes and intent of Leon McGaha in regard to the transfer of the property in question" and that "[t]he central question in this action is the competency of Leon McGaha, which will determine all issues." (Order 1/12/2018, Tab 2 to Appellants' red brief, R., p. 589).

The trial court did not explicitly note that the April 4th conveyance of the tire store to Mark was by a deed executed by June as attorney-in-fact under the POA. Nor did it note that Leon did not die until April 7th.

To the extent that the trial court's order suggests that property could be conveyed via will prior to the testator's death, we cannot agree with such a suggestion. Rather, the validity of the conveyance of the tire store prior to Leon's death largely depends on whether June had authority to convey the property to Mark as attorney-in-fact under the POA in light of applicable Kentucky law about the powers of attorneys in fact and construction of POA documents.

Nonetheless, we need not determine whether the trial court erred in denying summary judgment since it indicated that its ruling could change in the future. Furthermore, at that time, the procedural posture of the case was different since a cross-claim had not been formally filed by Suzanne and/or Cliff prior to their filing their motion for partial summary judgment.

-14-

CR 56.01 provides that a claimant seeking to recover on a cross-claim may generally move for partial or complete summary judgment "at any time" and upon remand, Suzanne will have formally, explicitly filed a cross-claim in addition to her prior request for declaratory judgment. Should Cliff and Suzanne still desire to seek partial summary judgment on remand, they are presumably free to either renew their prior motion or file a new motion. In short, the parties may take up the issue with the trial court on remand and so we need not determine whether the trial court's previous denial of partial summary judgment was in error.

Furthermore, other issues raised in the parties' briefs which are not discussed herein have been determined to lack merit or relevance to our resolution.

## CONCLUSION

For the reasons stated herein, we REVERSE the dismissal of this action; we REVERSE the trial court's denial of Suzanne's motion for leave to amend her answer with instructions to order that her tendered amended answer and cross-claim be filed, and we REMAND for further proceedings in conformity with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

J. Robert Lyons, Jr.
Lexington, Kentucky

BRIEF FOR APPELLEES
MARK MCGAHA AND JUNE
MCGAHA:

Joel R. Smith
Jamestown, Kentucky