RENDERED:  AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0793-MR

MARGO BORDERS APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 20-CI-006479

STEVE CONRAD; ERIC BLACK;
MICHAEL KING; MONCELL
ALLEN; THOMAS SCHARDEIN; TIN
ROOF ACQUISTION COMPANY,
LLC; AND WES TROUTMAN APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Margo Borders (Borders) appeals from the Jefferson Circuit Court's order granting summary judgment to the appellees, ruling that Borders' claim was barred by the applicable statute of limitations.  We affirm.

In November 2020, Borders filed suit against Brett Hankison, a member of the Louisville Metro Police Department (LMPD), alleging assault and battery, for an incident that occurred in April 2018. She also named the following parties as defendants in her claim for negligent hiring and supervision of Hankison: Steve Conrad (chief of LMPD); Eric Black, Michael King, and Thomas Schardein (co-workers and sergeants at LMPD); Wesley Troutman (co-worker at LMPD and friend of Hankison) (collectively, the Officers); Tin Roof Acquisition Company, LLC (an establishment where Hankison provided security services); and Moncell Allen (manager of Tin Roof) (collectively, Tin Roof). The Jefferson Circuit Court summarized the allegations made by Borders as follows:

> Ms. Borders alleges that in April of 2018 she was sexually assaulted by Defendant Brett Hankison ("Defendant Hankison") while he was employed as a police officer with the LMPD and working off-duty as a security officer at and for Tin Roof. Ms. Borders further alleges that the Officers [namely, Conrad, Black, King, and Schardein] were aware that Defendant Hankison was, in effect, a sexual predator, but failed to report and/or actively concealed this knowledge. She further alleges Defendant Hankison's sexual misconduct was a consequence [of] his being negligently supervised and retained by Chief Conrad on the LMPD. Finally, Ms. Borders[] alleges that Tin Roof, by and through its employees and agents, was also aware that Defendant Hankison was preying on patrons and, as such, acted negligently in both retaining and supervising him such that it is vicariously liable for his actions. Ms. Borders' Complaint setting out her various claims against the Defendants was filed in November of 2020.

The Officers and Tin Roof filed motions to dismiss in January and March 2021, respectively. Borders responded to these motions, and the circuit court held a hearing on April 30 of that year. Its ruling dismissing all parties except Hankison was made on June 28, 2021. On July 12, 2021, the circuit court made its order of dismissal final and appealable. Borders filed a timely notice of appeal.

We begin by stating our standard of reviewing an order granting a motion to dismiss, namely:

> It is well settled in this jurisdiction when considering a motion to dismiss under this rule [Kentucky Rules of Civil Procedure (CR)12.02] that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true. *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)[,] citing *Ewell v. Central City*, 340 S.W.2d 479 (Ky. 1960).
>
> The court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim. In making this decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?

*James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002) (citations omitted).

-3-

*Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007). The issue to be reviewed "is subject to *de novo* review by this Court." *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

Borders argues that her claims against the Officers and Tin Roof were viable pursuant to the obstruction of prosecution exception found in Kentucky Revised Statute (KRS) 413.190(2). *See Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. App. 1998). Borders insists that she only became aware of the possibility of filing claims of negligent hiring and supervision after other victims came forward in June 2020. Therefore, she continues, her November 2020 complaint was timely. She maintains that the circuit court failed to consider *Secter* in ruling against her.

We disagree. It is incumbent upon Borders to demonstrate why an exception to the one-year statute of limitations (KRS 413.140(1)(a)) should apply, and thus far she has been unable to do so. Although she continues to rely on *Secter*'s analogous claim that sexual abuse had occurred (as well as the resulting feelings of shame and embarrassment), that's where the similarities cease. The plaintiff in *Secter* was a minor when the abuse occurred, and the facts in that case revealed that the Diocese of Covington actively concealed and obstructed the prosecution of the sexual offender. The *Secter* Court stated:

> The Diocese clearly obstructed the prosecution of
> Secter's cause of action against it by continually

concealing the fact that it had knowledge of [the offender's] problem well before the time that Secter was abused as well as the fact that it continued to receive reports of sexual abuse of other students during part of the time period in which Secter was abused.

*Secter*, 966 S.W.2d at 290. In other words, had the Diocese acted upon information exclusively available to it, the abuse to Secter and the other student victims at Covington Latin School might never have occurred.

There is no such active concealment, no "secret and confidential" (*id.*) files, here. Borders was aware of the perpetrator and his places of employment on the date of her injuries and was not prevented from seeking further information beginning at that point. As the appellees state, any internal investigations by the LMPD of misconduct by Hankison would have been subject to an open records request by Borders, and she has not claimed that any such request was made. Nor does she allege that she made inquiries with Tin Roof about any reports of bad conduct while Hankison was providing security there.

> "The discovery rule acts to delay the accrual of a cause of action until the plaintiff discovers, or should have reasonably discovered his injury." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 796 (Ky. 2003). In *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. App. 1998), this Court explained, "With the exception of cases involving latent injuries from exposure to harmful substances, Kentucky courts have generally refused to extend the discovery rule without statutory authority to do so."

-5-

*Middleton v. Sampey*, 522 S.W.3d 875, 878-79 (Ky. App. 2017). We agree with the circuit court's holding that there was no applicable statutory authority that tolled the one-year limitations period for Borders' claims.

The Jefferson Circuit Court was not without sympathy to Borders when it stated:

> The Court recognizes and appreciates the appalling nature of the assault as described by Ms. Borders as well as the variety of associated intangible factors that may have factored into her decision not to file suit within the time allotted by law. However, there is nothing, nor could there be anything, in Ms. Borders' pleadings to suggest that she was other than excruciatingly aware of the assault as well as who assaulted her (i.e., Defendant Hankison) and where he worked. As such, Ms. Borders does not, and cannot in good faith, allege that the Defendants did anything to conceal the assault by Defendant Hankison or his employment with the LMPD and Tin Roof in an effort to prevent her from bringing suit. Rather, Ms. Borders[] alleges in her Complaint that the Defendants were aware of and concealed information that Defendant Hankison had sexually assaulted *other* women, and that the LMPD and/or Tin Roof were aware of same. Proof of same at trial would certainly weigh heavily against the Defendants if offered at trial, but it would not be necessary, nor would it be practicable, reasonable or fair to require, that Ms. Borders discover same in advance of filing or in order to file her lawsuit against the Defendants.

(Emphasis original.) Again, we agree.

The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

-6-

BRIEFS FOR APPELLANT:

G. Trenton Burns
Louisville, Kentucky

BRIEF FOR APPELLEES CONRAD,
BLACK, KING, SCHARDEIN, AND
TROUTMAN:

Michael J. O'Connell
Jefferson County Attorney

Kristie B. Walker
Peter F. Ervin
Assistant County Attorneys
Louisville, Kentucky

BRIEF FOR APPELLEES TIN ROOF
AND MONCELL ALLEN:

Cynthia L. Effinger
Louisville, Kentucky

Stephen G. Amato
Lexington, Kentucky