RENDERED: APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0496-MR

HEATHER JONES, AS SISTER OF
NICOLE WAGNER, AND AS
ADMINISTRATRIX AND ON
BEHALF OF THE ESTATE OF
NICOLE WAGNER; AND BETTY
THOMPSON, AS MOTHER OF
NICOLE WAGNER                                              APPELLANTS


                        APPEAL FROM HARRISON CIRCUIT COURT
v.              HONORABLE JEFFERY L. SCHUMACHER, JUDGE
                        ACTION NO. 22-CI-00092


DONALD BOTTOMS; ACUITY, A
MUTUAL INSURANCE COMPANY;
HANNA CAMPBELL & POWELL,
LLP; AND KENNETH A.
CALDERONE                                                    APPELLEES


                                OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Heather Jones, as Sister of Nicole Wagner ("Nicole"), and

as Administratrix and on Behalf of the Estate of Nicole Wagner; and Betty

Thompson, as Mother of Nicole Wagner (collectively "Jones") appeal from a

Harrison Circuit Court order dismissing Jones's complaint for failure to state a

claim against Donald Bottoms ("Bottoms"); Acuity, a Mutual Insurance Company;

Hanna Campbell & Powell, LLP; and Kenneth A. Calderone (collectively

"Appellees").  After careful review, finding no error, we affirm.

## BACKGROUND

### I.      The original action – No. 20-CI-00085

The allegations in the current underlying civil action (No. 22-CI-00092) arose out of the litigation of Jones's claims in No. 20-CI-00085.  This

Court explained the background of the underlying case in *Jones v. Acuity*, 658

S.W.3d 492 (Ky. App. 2022):

> On the night of April 18, 2020, Bottoms, Wagner, and friends were spending time together at Bottoms's place of business, Three D Plumbing, which also contained an apartment inside.  In the early hours of April 19, after spending time in the apartment (consuming food and alcohol), Bottoms drove Wagner and her friends to Wagner's home.  According to Bottoms, Wagner refused to leave his vehicle, and he attempted to scare her out of his vehicle with a gun he kept under a seat.  It is unclear exactly what happened, but during a struggle and/or accident the gun discharged, and Bottoms shot Wagner, killing her.
>
> In January 2021, Bottoms pled guilty to second-degree manslaughter. Kentucky Revised Statute ("KRS") 507.040.  This statute states, "[a] person is guilty of manslaughter in the second degree when he wantonly causes the death of another person[.]"  KRS 507.040(1).

. . .

In May 2020, Heather Jones ("Jones"), as Administratrix of Wagner's estate, filed a complaint in Harrison Circuit Court for the wrongful death of her sister, Wagner. Acuity, A Mutual Insurance Company, intervened to litigate the insurance coverage issues on behalf of the insured, Bottoms. At the time of the shooting, Acuity insured Bottoms's business, Three D Plumbing, with two coverage parts: commercial general liability coverage ("CGL") and commercial auto coverage. Only the CGL is pertinent to this appeal. The CGL policy covers "bodily injury . . . caused by an occurrence that takes place in the coverage territory" to an insured individual "only with respect to the conduct of a business," but specifically excludes bodily injury "expected or intended" from the "standpoint of the insured."

. . . .

In January 2021, the parties (and Bottoms) entered a "Master Settlement" Agreement, which included, in part, Wagner's estate receiving the interest in Bottoms's commercial insurance policies. Thereafter, Jones moved for summary judgment and declaratory judgment, which the circuit court denied. Acuity cross-motioned for summary judgment, which the circuit court granted. In relevant part, the circuit court found that

> the [CGL] policy language unambiguously excluded intentional or expected injuries such as the fatal shooting from coverage, Bottoms'[s] guilty plea to wanton manslaughter bars any re-litigation on his intent during the shooting, and no genuine issue of material fact exists regarding whether Bottoms was promoting his business on the night of the shooting, warranting summary judgment on all of Acuity's claims.

-3-

Jones appealed.

*Id.* at 495-96.

The main issue in that appeal was whether "the social gathering on the night of Wagner's death was within the conduct of Bottoms's plumbing business." *Id.* at 497. The circuit court's summary judgment and this Court's opinion were largely based on competing affidavits. First, "Jones presented an affidavit from a former Three D Plumbing client who stated (1) that she hired Bottoms after attending a social gathering at Bottoms's apartment, and (2) that Bottoms frequently promoted his plumbing business at such events." *Id.* Jones attached a photograph "of Bottoms, Wagner, and three other people 'poised in a luxury bathtub in [ ] Bottoms'[s] place of business during the social gathering which ended with the shooting of [Wagner].'" *Id.* In response, Bottoms filed an affidavit stating, "that the events leading up to the shooting were not business related." *Id.* at 498. Though not discussed in this Court's opinion, Bottoms attached to his affidavit text messages, including explicit photos, sent by Wagner on the night of the shooting to support his claim that he was not conducting plumbing business the night he shot Wagner.

The circuit court entered a final and appealable order granting summary judgment in favor of Acuity. This Court affirmed the circuit court's order holding "[b]ecause Bottoms's actions on the night in question were not

covered under the terms of the Acuity commercial policy, and the 'expected or intended' exclusion would have been applicable if they were, Jones could not prevail under any circumstances." *Id.* at 499.

Though the events that gave rise to this case occurred during the pendency of the underlying insurance coverage action, they were not part of the summary judgment or appeal in that case. While the competing motions for summary judgment were pending in the underlying action, Jones filed a motion to amend the complaint to add claims stemming from the sexually explicit images of Jones attached to Bottoms's affidavit. Though the record from the underlying case is not before us, we know from pleadings in this case that the affidavit and supporting explicit photos were filed electronically instead of being conventionally filed as sealed documents in contravention of Section 9 of the Administrative Office of the Courts's E-Filing Certification Training on p. 196. This mistake was remedied by the affidavit and images being deleted from the electronic record and then conventionally filed under seal. Nevertheless, Jones sought to add claims for (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of duty of good faith and fair dealing; (4) first-party insurance bad faith; (5) breach of fiduciary duty; and (6) tortious conduct in violation of the Kentucky Penal Code.

After the circuit court granted summary judgment in favor of Acuity, Jones filed a motion seeking to stay its motion to file an amended complaint pending the appeal of the circuit court's judgment. Jones filed another motion to amend the complaint while her motion to stay the proceedings was pending. On June 13, 2022, the circuit court entered an order reserving Jones's motion to file an amended complaint to assert new claims pending appeal.

Following this Court's opinion affirming the circuit court's judgment, the circuit court entered an order denying Jones's motion to amend the complaint. The circuit court found the motion was moot because Jones had filed a separate action, No. 22-CI-00092, setting forth the same claims in the proposed amended complaint.

## II.    The civil action on appeal – No. 22-CI-00092

On June 1, 2022, while the underlying insurance coverage case was pending appeal, Jones filed the complaint in this case. The complaint concerned the same conduct raised in Jones's proposed amended complaint, *i.e.*, the sexually explicit images Wagner allegedly texted to Bottoms on the night she was killed, which were attached to Bottoms's affidavit in the original case. Jones made claims for (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) breach of duty of good faith and fair dealing; (4) violation

-6-

of the universal duty of care; and (5) tortious conduct in violation of the Kentucky Penal Code.

Defendants, Kenneth A. Calderone and Hanna Campbell & Powell, LLP filed an answer.

Bottoms; Acuity; Kenneth A. Calderone; and Hanna Campbell & Powell, LLP each filed a separate motion to dismiss. Each defendant attached documents from the underlying action (excluding the explicit photos), No. 20-CI-00085, to their motion to dismiss.

On September 16, 2022, the circuit court heard arguments on the motions to dismiss.

On October 25, 2022, the circuit court entered an order requesting information from the Administrative Office of the Courts regarding whether a record was available to show who viewed the text messages and images attached to Bottoms's affidavit in No. 20-CI-00085 before being deleted on June 9, 2021. On November 3, 2022, an employee of AOC filed an affidavit and attached reports showing who accessed the sealed documents before their deletion from the electronic record. On December 12, 2022, the circuit court entered an order permitting any party contesting the information in the affidavit of the AOC employee to file written arguments by December 15, 2022. None of the parties

contested the information in the affidavit, and the circuit court took the matter under advisement after that deadline.

On April 3, 2023, the circuit court entered an order dismissing Jones's complaint. The circuit court found, construing the pleadings in the light most favorable to Jones, that the judicial proceedings privilege wholly precluded Jones's claims even though they were incorrectly filed electronically. Additionally, the e-filed images were only viewed by "Administrative Office of the Courts personnel, attorneys of record, and attorneys employed by firms listed of record." Record ("R.") at 399. Thus, Jones suffered no damages. The circuit court did not address Jones's other claims in its order. This appeal followed.

## **ANALYSIS**

On appeal, Jones argues the circuit court erred in (1) incorrectly applying Kentucky Rules of Civil Procedure ("CR") 12.02 in dismissing the complaint; and (2) finding the judicial proceedings privilege applied to preclude all claims. Jones raises other arguments which were not addressed by the circuit court, mooted by our analysis, and are unnecessary for the disposition of this case.

First, Jones argues the circuit court erred in incorrectly applying CR 12.02 in dismissing her complaint. Jones asserts that construing facts in her favor precluded dismissal, which we will address further below. Additionally, Jones argues the circuit court erred in applying CR 12.02 in dismissing the complaint

because the motions to dismiss relied on matters outside the pleadings.  The circuit court relied on documents from No. 20-CI-00085, which the defendants attached to their motions to dismiss.  The defendants excluded the sealed documents from their exhibits.  Additionally, the circuit court relied on the affidavit from the AOC employee and accompanying documents showing who viewed the sealed documents in No. 20-CI-00085.  Jones did not contest the circuit court's consideration of these documents in her response to the motions to dismiss nor when allowed to contest the AOC affidavit.

"Kentucky Rule of Civil Procedure (CR) 12.02 mandates that a motion to dismiss is converted to a motion for summary judgment if matters outside the pleadings are presented to, and not excluded by, the circuit court." *Schell v. Young*, 640 S.W.3d 24, 33 (Ky. App. 2021).

> A trial court is free to consider matters outside the pleadings; however, doing so converts the request for dismissal into a motion for summary judgment.  CR 12.02; *McCray v. City of Lake Louisvilla*, 332 S.W.2d 837, 840 (Ky. 1960).  Accordingly, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

*Middleton v. Sampey*, 522 S.W.3d 875, 878 (Ky. App. 2017).  Thus, we review *de novo.  Id.*

The records from No. 20-CI-00085 case attached to the motions to dismiss are central to the claims in Jones's complaint. Those "records are subject to consideration without having to convert the motion under review to a summary judgment motion." *Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 564 (Ky. App. 2017). However, the AOC affidavit and attached records are matters outside the pleadings, which "effectively converts a motion to dismiss into a motion for summary judgment." *D.F. Bailey, Inc. v. GRW Engineers, Inc.*, 350 S.W.3d 818, 821 (Ky. App. 2011) (citing *McCray v. City of Lake Louisvilla,* 332 S.W.2d 837, 840 (Ky. 1960); CR 12.02.). Thus, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Sampey*, 522 S.W.3d at 878 (quoting *Scifres*, 916 S.W.2d at 781).

Second, Jones argues the circuit court erred in finding the judicial proceedings privilege applied to preclude all claims. In Jones's complaint and her response to Appellees's motions to dismiss, she asserted there was one distribution of the explicit photos. For the first time on appeal, Jones argues there were four illegal distributions of the explicit photos. "This Court has stated on numerous occasions that 'appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court.'" *Sneed v. University of Louisville*

-10-

*Hospital*, 600 S.W.3d 221, 228 (Ky. 2020) (citation omitted). Thus, we decline to address the newly alleged illegal distributions and only consider whether the judicial proceedings privilege applies to the e-filing of the explicit photos.

> The prevailing rule regarding the judicial statements privilege in Kentucky is that communications made pursuant to judicial proceedings are absolutely privileged even if otherwise defamatory. *Maggard v. Kinney*, 576 S.W.3d 559, 567 (Ky. 2019); *Schmitt v. Mann*, 291 Ky. 80, 163 S.W.2d 281, 283 (1942). This includes pleadings and statements of witnesses. *Maggard*, 576 S.W.3d at 567.

*New Albany Main Street Properties, LLC v. Stratton*, 677 S.W.3d 345, 348 (Ky. 2023). For a communication "to fall within the ambit of the judicial statements privilege," it must meet two requirements:

> First, the communication must have been made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of a judicial proceeding." *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1127 (6th Cir. 1990) (citing *Restatement (Second) of Torts* § 587 (1977)). Second, the communication must be material, pertinent, and relevant to the judicial proceeding.

*Id.* at 349.

The long-standing rule is "that pertinent matter in pleadings, motions, affidavits, and *other papers* in any judicial proceeding, is absolutely privileged." *Schmitt*, 291 Ky. 80, 163 S.W.2d at 283 (emphasis added) (citation omitted). The images in question were attached to Bottoms's testimonial affidavit. Bottoms filed

-11-

the affidavit to disprove Jones's argument that he was conducting business the night he killed Nicole. The images in question were attached to his testimonial affidavit as supporting evidence. Jones does not take issue with the testimony in Bottoms's affidavit, only the supporting images. Jones opened the door to the testimony in Bottoms's affidavit and supporting images when she filed an affidavit and photo to support her argument that Bottoms's conducted business the night he killed Nicole.

Though the disputed documents are images and not written words, they still constitute a communication as they were supporting evidence used to communicate Bottoms's position to the circuit court. The images satisfy both requirements as they were filed during the pendency of a judicial proceeding and were material, and relevant to it. The circuit court correctly found Jones's claims were precluded by the judicial proceedings privilege. Thus, the circuit court correctly determined there was no genuine issue of fact, and Appellees were entitled to judgment as a matter of law

The circuit court declined to address Jones's remaining arguments in its order dismissing the complaint. Jones's remaining arguments are also moot because the judicial proceedings privilege wholly precludes Jones's claims. For these reasons, we decline to address all remaining issues.

For the foregoing reasons, we affirm the judgment of the Harrison Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

David Vandeventer
Lexington, Kentucky

BRIEF FOR APPELLEE
DONALD BOTTOMS:

Jason S. Morgan
Betsy R. Catron
Lexington, Kentucky

BRIEF FOR APPELLEES
KENNETH A. CALDERONE AND
HANNA CAMPBELL & POWELL,
LLP:

Larry C. Deener
Lexington, Kentucky

BRIEF FOR APPELLEE
ACUITY, A MUTUAL INSURANCE
COMPANY:

Judd R. Uhl
Cincinnati, Ohio