## Phillips et al. v. Big Sandy Company et al.

(Decided February 17, 1931.)

CHARLES N. HOBSON, J. C. CANTRELL and C. M. WHITT for appellants.

J. J. MOORE, YORK & JOHNSON, and HARMAN, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

On June 5, 1882, Jesse Phillips and wife executed a deed to Frank Phillips which was recorded on the 8th day of July, 1882. In July, 1907, John E. Phillips and the other heirs of Frank Phillips instituted an action in the Pike circuit court against the Big Sandy Company alleging that the deed of 1882 conveyed merely a life estate to Frank Phillips, and that upon his death it passed to the plaintiffs. It was alleged that Frank Phillips had died on July 12, 1898, and his attempted conveyance of the minerals made December 23, 1887, to J. J. Stewart, trustee, under whom appellees hold, conveyed nothing. Plaintiffs sought to have the deed so construed and to be adjudged the owners of the minerals in the tract of land.

The deed exhibited with the pleading in that case was an attested copy of the deed as recorded in the Pike county clerk's office. The circuit court sustained a demurrer to the petition, and dismissed the action. An appeal was prosecuted to this court, where the judgment of the circuit court was affirmed. Phillips v. Big Sandy Co., 108 S. W. 276, 32 Ky. Law Rep. 1262. It was held that Frank Phillips took a defeasible fee; and, since he died leaving children, his estate was not defeated.

In September, 1908, John Phillips and the other plaintiffs in the former suit instituted another action alleging that the deed made by Jesse Phillips in 1882 had been fraudulently altered and changed on the record. It was charged that the original deed contained different terms which did limit the estate of Frank Phillips to a life estate, but the change in the instrument converted the character of the estate conveyed into a defeasible fee. Proof was taken upon issues made, and the circuit court dismissed the petition. A second appeal was taken to this court, and the second judgment was affirmed.

Phillips v. Big Sandy Co., 149 Ky. 555, 149 S. W. 957. In the opinion upon the second appeal, it was pointed out that the evidence was insufficient to show how, when, or by whom the erasures appearing upon the record were made. Thereafter the present action was filed to obtain a new trial on the ground of newly discovered evidence. The circuit court granted a new trial, and some additional testimony was taken. The circuit court, upon final submission, again dismissed the action, and the present appeal is prosecuted from that judgment. The effect of the evidence adduced on the former trial of the case is sufficiently indicated in the opinion on the last appeal. The additional evidence consisted of the testimony of three witnesses. George Sullivan testified that he was at the home of Jesse Phillips in June, 1882, when the deed was written. Frank Phillips was insisting upon a clear deed to the property so that he could sell it, but the old man refused to make a clear deed. He said the old man made the deed to Frank for his lifetime, and at his decease it was to go to his children. Jesse Phillips said that Frank was reckless, and, if he made him an outright deed, he would sell the property and run through with it, and have nothing left for his children. It is to be noted that the deed does contain a prohibition against the selling of the land for debts. Sullivan further testified that he was a witness to the deed and a will, but the deed does not bear the names of any witnesses, although signed by mark. Sullivan said he remained there overnight, and Frank tried to get the deed changed, but was unable to do so.

Frances Farley testified that her older sister was the second wife of Jesse Phillips, and the one who signed the deed. She was staying with her sister when the deed was written, and she heard the discussion and was called to witness the deed. She cannot read or write, and does not appear as a witness to the deed. She said Frank Phillips was not present when the deed was made, thus contradicting Sullivan, if they referred to the same occasion. She further said the deed was read to her, and she undertook to state from memory the effect of what it contained, but was very uncertain as to verbiage. Her testimony was given in August, 1914, which was thirty-two years after the deed was written. It will be noted her understanding of the deed is no different from the understanding of the plaintiffs themselves when they

brought the first suit for a construction of the instrument as it appeared on the record.

The other witness was John H. Farley, who testified that he was present in 1887 when Frank Phillips was trying to get Jesse Phillips to change the deed made in 1882. They had the deed there and read it to him. Frank said he could not sell the coal interests, unless Jesse Phillips would agree to change it. He does not state what change was desired, but it may have been the waiver of the limitation respecting debts. He said that the deed was written so that Frank was to hold it for his lifetime, and then it would go to his heirs.

The only other evidence introduced was the testimony of John F. Phillips, who said that Frank Phillips once remarked to him that the coal company would not take his deed because of its terms, but that money would do anything. His wife, Mary Phillips, testified to statements which tended to corroborate the testimony of her husband.

It is apparent that this evidence is insufficient to meet the requirements of the rule. It is vague, uncertain, and unsatisfactory, and fails to overcome the presumption of the verity of the record.

A new trial will not be granted upon oral testimony, depending upon mere memory, of very old transactions wholly unsupported by other proof of a convincing character, Cahill v. Mullins, 101 S. W. 336, 31 Ky. Law Rep. 72; Louisville & N. R. Co. v. Ueltschi, 126 Ky. 556, 104 S. W. 320, 31 Ky. Law Rep. 931.

The new evidence, relating to the exact issue once tried, must be of an unerring character, and tend to show conclusively that an injustice has been done. Price v. Thompson, 84 Ky. 219, 1 S. W. 408, 8 Ky. Law Rep. 201; Torain v. Terrell, 122 Ky. 745, 93 S. W. 10, 29 Ky. Law Rep. 306; Howell v. Standard Oil Co., 234 Ky. 347, 28 S. W. (2d) 3.

The fact that a new trial was granted upon the affidavits of the newly found witnesses is immaterial upon a consideration of the whole evidence, including that of the newly found witnesses. The opinion on the second appeal settled that the testimony then was insufficient to justify any relief, and the new evidence fails to supply the fatal omissions pointed out in that opinion.

The evidence does not show, or purport to show, by whom, or how, or when, or for what reason, the erasures

488

that appear on the record were made. The deed was written by the same clerk who recorded it, and the words where the erasures occur were in the same handwriting. It is reasonable to suppose that the clerk made errors in copying from the deed, and made the erasures to correct those errors. There is no presumption of fraud, in the absence of proof of facts or circumstances tending to show it. The original deed was not produced. The utmost that can be deduced from the evidence is that the parties thought the deed was different from what it later appeared to be, but they do not show that it was different when delivered, or that the record was changed after the deed was recorded. The trial court found from an examination of the recorded deed and the proof in the case that the words in the places where erasures occurred were in the handwriting of the clerk, and came to the conclusion that the erasures were made by the clerk to correct his own errors when he was recording the deed. The finding is fully supported by the evidence, and this court, in such cases, is not disposed to disturb the finding of the trial court. Rice v. Roberson, 228 Ky. 171, 14 S. W. (2d) 384; Martyn v. Jacoby, 223 Ky. 674, 4 S. W. (2d) 684; Long v. Howard, 229 Ky. 369, 17 S. W. (2d) 207.

The judgment is affirmed.