## Schmitt v. Mann.

June 9, 1942.

Henry I. Fox for appellant.

Lawrence S. Grauman for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, M. Joseph Schmitt, an attorney and member of the Jefferson county bar, instituted an action for damages against Irvin Mann for libel. The petition alleged that the libel was contained in an affidavit executed by Mann and filed with his approval in a proceeding in the Jefferson circuit court to which he was not a party. On the trial of the case the court, at the conclusion of plaintiff's evidence, sustained the defendant's motion for a directed verdict in his favor on the ground that the affidavit of defendant, which contained the alleged libelous statements, was privileged. This appeal tests the propriety of that ruling.

The affidavit which was the basis of the suit for libel was executed May 22, 1936, and was filed in the Jefferson circuit court on November 12, 1936, with an amended petition in an action instituted under Section 518 of the Civil Code of Practice for the vacation of a judgment rendered April 19, 1934, in an action styled "Lillie May Humphrey Adm'x of Louis Humphrey, deceased, v. Dorothy L. Mann," on the ground that fraud had been practiced by the successful party in its obtention. The judgment sought to be vacated had been entered upon a verdict returned for the plaintiff in the sum of $10,000. The appellant, M. Joseph Schmitt, was the attorney for

the plaintiff in that action, and appellee, Irvin Mann, assisted the plaintiff in obtaining witnesses and in other ways though the defendant, Dorothy L. Mann, was his niece. The suit was for damages for the death of Louis Humphrey caused by the negligence of the driver of a truck allegedly owned by Dorothy L. Mann. The principal defense made by Dorothy L. Mann was that she was not the owner of the truck at the time of the accident in which Humphrey lost his life. J. R. Browning, a witness introduced by the plaintiff, testified to facts sufficient to take the case to the jury on the question of ownership. After the trial Browning executed an affidavit in which he stated that he had sworn falsely at the trial at the solicitation of the plaintiff's attorney, M. Joseph Schmitt. Browning's affidavit was set out in full in the original petition for a new trial filed September 9, 1936, and the affidavit was filed as an exhibit with the amended petition on November 12, 1936, along with the affidavits of Irvin Mann and others. It may be said in passing that Browning repudiated his affidavit on the trial of the present case saying he was drunk when he signed it and had no recollection of having executed it. The appellee, Mann, in the affidavit which is the basis of this action for libel set out a statement made to him by appellant just after the verdict was returned in the case of Humphrey's Adm'x v. Dorothy L. Mann which, if true, indicated that appellant was guilty of the crime of subornation of perjury during the trial of that case.

The statements contained in the affidavit were libelous per se and actionable unless, under the circumstances, they were privileged. The prevailing rule and the one recognized in this jurisdiction is that statements in pleadings filed in judicial proceedings are absolutely privileged when material, pertinent, and relevant to the subject under inquiry, though it is claimed that they are false and alleged with malice. Reynolds v. Evans, 244 Ky. 267, 50 S. W. (2d) 549; Lisanby v. Illinois Central R. Company, 209 Ky. 325, 272 S. W. 753. In Cooley on Torts, 4th Edition, Section 156, the author says:

"The general rule may be stated to be that pertinent matter in pleadings, motions, affidavits, and other papers in any judicial proceeding, is absolutely privileged, though false and malicious, but that matter which is clearly impertinent and irrelevant and also false and malicious, is actionable."

The same rule applies to the privilege accorded witnesses in judicial proceedings. Sebree v. Thompson, 126 Ky. 223, 103 S. W. 374, 11 L. R. A., N. S., 723, 15 Ann. Cas. 770. We think it requires no argument to demonstrate that the statements made in the affidavit were pertinent and material to the cause, and the question to be determined is, were they absolutely privileged, regardless of whether they were made maliciously or in good faith. In 33 Am. Jur., Libel and Slander, Section 152, it is said:

> "Ordinarily, statements made in an affidavit, which are pertinent to matters involved in a judicial proceeding, or which the affiant has reasonable grounds to believe are pertinent, are privileged, and, although defamatory, not actionable. When the statements are pertinent and material, the general rule is that the privilege is absolute and attaches even though the statements are in fact false and are made maliciously. On the other hand, statements which are not pertinent and material are only qualifiedly privileged, and immunity from the legal consequences of their being libelous depends on their being made in good faith."

It is argued by appellant that no judicial proceeding was pending when the affidavit was executed, and that therefore the plea of privilege is not available to appellee as a defense. The argument is based on the fact that the affidavit was executed May 22, 1936, and the action under Section 518 of the Civil Code to vacate the judgment in the case of Humphrey's Adm'x v. Dorothy Mann, rendered April 18, 1934, was not instituted until September 9, 1936. At the time the affidavit was executed, the judgment against Dorothy Mann had not been collected and her attorneys, under the belief that the verdict in the case had been brought about by perjured testimony, were interviewing prospective witnesses with the view of filing a petition to vacate the judgment on the ground that it had been obtained by fraud. The petition to set aside the judgment and grant the defendant a new trial was merely a step in the case of Humphrey's Adm'x v. Dorothy Mann. The affidavit of Irvin Mann was executed therefore in a judicial proceeding then pending. If he had testified to the same matter upon the trial of the action for a new trial, his testimony would have been privileged, and the same rule should apply to an affidavit filed with the petition. It is customary in suits for a new

trial under Sections 518 of the Civil Code of Practice to file with the petition affidavits which may be, and frequently are by agreement, treated and considered as the depositions of the affiants. Richardson v. Louisville & N. R. Company, 291 Ky. 357, 164 S. W. (2d) 602, decided May 5, 1942; Central Acceptance Corporation v. Rachal, 264 Ky. 849, 95 S. W. (2d) 777; Wood v. Wood, 251 Ky. 710, 65 S. W. (2d) 969; Phillips v. Big Sandy Company, 237 Ky. 484, 35 S. W. (2d) 875. It is a common practice, and in many instances a necessary practice, for attorneys to interview witnesses and obtain statements from them before the trial of a case or before the suit is instituted, and witnesses should feel free to furnish any information in their possession. The doctrine of privileged communications rests upon public policy "which looks to the free and unfettered administration of justice, though, as an incidental result, it may, in some instances, afford an immunity to the evil-disposed and malignant slanderer." Bartlett v. Christhilf, 69 Md. 219, 14 A. 518, 520. In the American Law Institute's Restatement of the Law of Torts, Volume 3, Section 588, the rule is stated:

> "A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto."

The appellee may have been influenced by unworthy motives, as claimed by appellant, when the affidavit was executed, but, under the circumstances, the statements complained of were privileged.

Judgment is affirmed.