**Wallace N. ROGERS, Appellant,**

v.

**Ronda L. LUTTRELL, Appellee.**

**No. 2002–CA–002286–MR.**

Court of Appeals of Kentucky.

March 12, 2004.

Discretionary Review Denied by Supreme Court Oct. 13, 2004.

---

Wallace N. Rogers, Louisville, pro se.

Edward H. Bartenstein, Louisville, KY, for appellee.

Before COMBS, DYCHE and JOHNSON, Judges.

*OPINION*

JOHNSON, Judge.

Wallace N. Rogers, *pro se,* has appealed from an opinion and order of the Jefferson Circuit Court entered on October 15, 2002, which dismissed his defamation suit against Ronda L. Luttrell. Having concluded that the circuit court correctly determined that the alleged defamatory statement, which Luttrell included in a letter to the Jefferson Family Court, was absolutely privileged since the statement was related to a judicial proceeding and was relevant to a matter that was before the family court, we affirm.

Thomas Burnett, Sr. and Bonita Shain became embroiled in an extremely hostile divorce action that was before the Jefferson Family Court. The family court awarded Shain custody of the couple's two children but awarded Burnett supervised visitation. Shain vehemently resisted the visitation order insisting that Burnett had sexually abused the children; however, these allegations were never substantiated. After numerous difficulties arose, the family court appointed appellee Luttrell, a licensed clinical psychologist, to supervise the visitation. After being appointed, Luttrell began sending letters on a regular basis to the family court to report the status of the visitation.

On August 21, 2002, Shain brought a negligence suit against Luttrell on behalf of the children. Rogers was Shain's attorney in both the divorce and the negligence actions. In the complaint, Shain alleged that Luttrell injured both children when she used excessive force to coerce them to visit with Burnett. On the same day, Luttrell sent the following letter to the Jefferson Family Court:

RE: Burnett vs. Burnett (now Shain)
No: 98 FC 01467

Dear Judge George:

I am writing to inform you that a civil lawsuit has been filed against me by Ms. Bonita Shain alleging that I have physically abused her children during the course of their supervised visitation sessions with Mr. Burnett. Due to my need to obtain legal counsel to resolve this matter, it will be necessary to suspend sessions at my office until I have determined a course of action.

I am gravely concerned that Ms. Shain and her attorney are taking this course of action to prevent my continued work on this case, as well [as] attempting to discredit my work by making false allegations against me professionally.

I will continue to keep you informed of the status of this situation and will notify you once I have obtained legal counsel's advice on the matter.

Thank You,

Ronda L. Luttrell, Psy. D
Licensed Clinical Psychologist

On August 27, 2002, Rogers filed a defamation suit against Luttrell based on the sentence: "I am gravely concerned that Ms. Shain and her attorney are taking this course of action to prevent my continued work on this case, as well [as] attempting to discredit my work by making false allegations against me professionally." Rogers alleged that this sentence was slanderous and libelous and hurt his professional reputation since it showed Luttrell's belief that he and Shain had conspired to file the negligence suit in order to have her removed as supervisor of the visitation. On September 17, 2002, Luttrell filed a motion to dismiss Rogers's complaint. She argued that her statement in the August 21, 2002, letter was absolutely privileged since it was a communication made during a judicial proceeding and was directly related to Shain's continued efforts to defy and evade the family court's visitation order. The circuit court granted Luttrell's motion and dismissed Rogers's complaint with prejudice. This appeal followed.

 Rogers argues that the facts of the case *sub judice* are distinguishable from the facts in *Schmitt v. Mann*,[1] which the circuit court relied upon in its application of the judicial proceedings privilege. Schmitt, an attorney, filed a libel suit against Mann alleging that Mann had executed and filed an affidavit that contained slanderous and libelous statements in a proceeding to which he was not a party.[2] The former Court of Appeals held that a

witness was absolutely privileged to publish defamatory statements, even if done maliciously, in communications made preliminary to or during a judicial proceeding if the statements had some relationship to the proceeding and were relevant to the matter before the court.[3] In the case *sub judice*, Rogers argues that Luttrell's letter was clearly not relevant to a matter before the family court; thus, he claims her statement was not absolutely privileged.

Rogers cites *Columbia Sussex Corp., Inc. v. Hay*,[4] for the proposition that as a matter of law, the court must determine whether the defense of privilege exists, but, as an issue of fact, the jury must decide if the defense of privilege applies to a particular set of facts. Rogers further argues that the absolute privilege found in *Schmitt* only applies to statements found in pleadings, motions, affidavits or other such documents and that Luttrell's letter was not such a document. He also argues that an unsolicited correspondence should not be absolutely privileged and he claims that the family court did not solicit Luttrell's letter.

In *General Electric Co. v. Sargent & Lundy*,[5] the United States Court of Appeals for the Sixth Circuit set forth a two-pronged test for determining whether the judicial proceedings privilege applies to a particular statement:

> First, the occasion of the communication must be examined to determine if the statement was made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and

1. 291 Ky. 80, 163 S.W.2d 281 (1942).

2. *Id.* at 282.

3. *Id.* at 283.

4. Ky.App., 627 S.W.2d 270, 276 (1981).

5. 916 F.2d 1119, 1127 (6th Cir.1990) (quoting *Restatement (Second) of Torts* § 587 (1977)). *Sargent & Lundy* was a diversity action in which the Sixth Circuit was faced with the question of whether under Kentucky law the defense of absolute privilege applied to alleged defamatory statements made preliminarily to a judicial proceeding.

as a part of a judicial proceeding." Second, a court must evaluate the content of the statement to determine if it "has some relation to a proceeding that is contemplated in good faith and under serious consideration."

In the case *sub judice*, the family court appointed Luttrell to supervise the court-ordered visitation between Burnett and his children. After being appointed, Luttrell sent letters to the family court that reported the status of the visitation process and alerted the court to any problems. Luttrell's letter dated August 21, 2002, was one such letter. Since Luttrell's letter was sent during the course of the divorce proceeding, it was made during the course and as part of a judicial proceeding.

As the record shows, the family court was deeply concerned with Shain's lack of cooperation and repeated attempts to undermine the visitation process. Furthermore, since information found in several of its orders came from Luttrell's letters, it is apparent that the family court utilized Luttrell's letters to help monitor the visitation process. Thus, Luttrell's letter directly related to the ongoing visitation issue that was before the family court. In that letter, Luttrell expressed her concern that Shain was once again trying to undermine the visitation process by filing the negligence suit. This statement by Luttrell was directly related to the divorce proceeding and it was relevant to the visitation matter before the family court. Since the letter met both prongs of the test, the Jefferson Circuit Court did not err when it found that the judicial proceedings privilege applied and dismissed Rogers's complaint.

■ Accordingly, we must reject Rogers's contention that the circuit court erred because the circuit court rather than a jury determined whether the defense of privilege applied to Luttrell's libelous statement. "[T]he question of privilege is a matter of law for the court's determination." [6] Thus, the circuit court, not a jury, had the sole responsibility to determine as a matter of law whether the judicial proceedings privilege applied to Luttrell's letter.

For the foregoing reasons, the Jefferson Circuit Court's opinion and order dismissing Rogers's defamation claim is affirmed.

ALL CONCUR.

---

**6.** *Caslin v. General Electric Co.,* Ky.App., 608 S.W.2d 69, 71 (1980).