Dennis **STILGER, Appellant**

v.

**Edward H. FLINT, Appellee.**

No. 2010–SC–000120–DG.

Supreme Court of Kentucky.

Feb. 21, 2013.

As Corrected March 12, 2013.

Dennis James Stilger, Dennis J. Stilger, PSC, Louisville, KY, Counsel for Appellant.

Edward H. Flint, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant, Dennis J. Stilger, appeals the Court of Appeals' reversal of his award of summary judgment against Appellee, Edward H. Flint. Appellant argues that the Jefferson Circuit Court correctly granted summary judgment due to the fact that communications between an attorney, on behalf of his client, and the attorney general enjoy an absolute privilege. We disagree with Appellant and affirm the Court of Appeals' decision.

## I. BACKGROUND

Appellee is the owner of a condominium managed by the Coach House, and is accordingly a member of the condominium owners' association. Appellee became suspicious that association funds were being misappropriated, and thus requested that the Board of Directors of the Coach House ("the Board") allow him access to the financial records and minutes of the Board's meetings spanning a period from 2005 to 2007. Appellant, who was the attorney for the Board, informed Appellee that his request was unreasonable. Thereafter, Appellee wrote to the Office of the Kentucky Attorney General (AG) asking that it pros-

ecute the matter involving his records request.

Appellant responded by sending a letter to the AG detailing the reasons that restrictions were placed on access to the records, including some that were unflattering to the Appellee.[1] In response, Appellee filed suit against Appellant, asserting that Appellant's letter to the AG was defamatory. Appellant then filed a motion for summary judgment. The trial court determined that Appellant's letter to the AG, although unflattering, was a direct response to an appeal for prosecution and was thus part of a judicial proceeding. It was for this reason that the trial court granted Appellant's motion for summary judgment. Appellee appealed this decision to the Court of Appeals which reversed and remanded the trial court's grant of summary judgment. Appellant now appeals the Court of Appeals' reversal to this Court.

## II. ANALYSIS

 "The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial counsel's assessment of the record or its legal conclusions." *Id.* (*citing Malone*

*v. Kentucky Farm Bureau Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky.2009)). "Furthermore, it is well established that '[t]he construction as well as the meaning and legal effect of a written instrument ... is a matter of law for the court.' " *Id.* (*quoting Morganfield Nat. Bank v. Damien Elder & Sons*, 836 S.W.2d 893, 895 (Ky.1992)); *see also Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 647 (Ky.2007). In such cases, this Court reviews the issue *de novo*. *Id.* (*citing Cumberland Valley Contractors, Inc.*, 238 S.W.3d at 647).

### A. Summary Judgment

The trial court granted Appellant's motion for summary judgment after it determined that Appellant's libelous statements were protected speech, given that they were statements made during the course of a judicial proceeding. *See Schmitt v. Mann*, 291 Ky. 80, 163 S.W.2d 281 (1942) (*holding* statements in pleadings in judicial proceedings are absolutely privileged when they are material, pertinent, and relevant). The trial court made determinations that (1) Appellee's letter to the AG was a communication that was a preliminary part of a judicial proceeding, (2) Appellant's response would enjoy an absolute privilege, and (3) therefore summary judgment was appropriate.

However, Appellee argues that summary judgment was improper due to the fact that Appellant's letter to the AG was not pertinent, material, or relevant to a judicial proceeding. We agree that upon an examination of the record in its entirety there was an issue that needed to be resolved, i.e., whether the communication be-

---

1. Appellant's letter to the AG contained the following language which could be viewed as unflattering to the Appellee: "Mr. Flint's letter of October 17th contains false allegations. Mr. Flint has previously sued and lost litigation with Coach House and is extremely errat-

ic and unstable. He made an unreasonable demand for review of records. Because of his past conduct, Mr. Flint would only be allowed to review the records under supervision. No one at the condo feels physically safe with him...."

tween Appellant and the AG is entitled to an absolute or qualified privilege. Therefore Appellant was not entitled to summary judgment.

## B. Absolute or Qualified Privilege

 Whether the communication in question is protected by an absolute or qualified privilege is an issue of first impression for this Court. Kentucky has a longstanding acceptance of the rule that statements made during the course of a judicial proceeding shall enjoy an absolute privilege. *Schmitt,* 291 Ky. 80, 163 S.W.2d 281 at 283. "[W]e must conclude that Kentucky would in the proper case apply the absolute privilege to communications by a party made preliminary to a seriously considered judicial proceeding." *General Electric Company v. Lundy,* 916 F.2d 1119, 1127 (6th Cir.1990). However, "[a] qualified privilege attaches to reports made to law enforcement authorities for investigation, and like any other qualified privilege, the speaker is afforded immunity unless it is shown that the defamatory statement was malicious." Am.Jur.2d *Libel* § 275. "Thus, a qualified privilege exists when a statement about suspected wrongdoing is made in good faith to law enforcement authorities." *Id.* Furthermore, "[c]ommunications made to a state attorney general's office enjoy a qualified rather than an absolute privilege, since the attorney general does not act in a judicial or quasi-judicial capacity because, although he or she investigates allegedly fraudulent or illegal acts, he or she must seek enforcement in court." *Id.*

 When statements are made as a pertinent part of a judicial proceeding there is no question that they enjoy absolute privilege. However, in the case at hand there is a genuine dispute as to whether the letter written by Appellant to the AG was in fact correspondence relevant to a judicial proceeding. The trial court determined that Appellee's letter to the AG was clearly a communication in preparation for a judicial proceeding and thus so was Appellant's response. However, Appellee argues that there is a significant difference between a proposed judicial action and a judicial proceeding. We agree. In the case at hand, Appellee wrote the letter to the AG in hopes that he would investigate the situation, as the AG's office is an investigatory body. In order for any judicial proceedings to ensue, the AG would have to seek enforcement in a court of law.

For the previously stated reasons, this Court holds that the communications made to the AG's office were not part of a judicial proceeding and thus are entitled to only a qualified privilege.

## III. CONCLUSION

For the aforementioned reasons, we affirm the Court of Appeals' reversal of the trial court's grant of summary judgment and remand to the trial court to make the necessary determinations in accordance with this opinion.

CUNNINGHAM, NOBLE, and VENTERS, JJ., BRAD RHOADS and JOHN S. REED, Special Justices, sitting. All concur. MINTON, C.J., and ABRAMSON, J., not sitting.