RENDERED:  AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0380-MR

GARY JOY, INDIVIDUALLY AS
SOLE SHAREHOLDER OF JOY &
ASSOCIATES, INC.; AND JOY &
ASSOCIATES, INC.                                                    APPELLANTS


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE AUDRA J. ECKERLE, JUDGE
                        ACTION NOS. 17-CI-002914 AND 17-CI-006786


LOWELL WAINWRIGHT;
LAURENCE ZIELKE; AND ZIELKE
LAW FIRM PLLC                                                       APPELLEES


                            OPINION
                            AFFIRMING

                        ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND GOODWINE, JUDGES.

GOODWINE, JUDGE:  Gary Joy, individually as sole shareholder of Joy &

Associates, Inc. and Joy & Associates, Inc. (collectively "Joy") appeal from the

Jefferson Circuit Court's grant of summary judgment on Joy's claim for wrongful

use of civil proceedings in favor of Lowell Wainwright ("Wainwright"); Laurence

Zielke; and Zielke Law Firm PLLC (collectively "Zielke"). After careful review, finding no error, we affirm.

The Jefferson Circuit Court summarized the facts and procedural history as follows:

> This case is a wrongful use of civil proceedings action that has its genesis in the parties [sic] failed investment in a retail shopping center (hereinafter, "Crossroads Plaza") and the various crossclaims that were filed after the shopping center's mortgage holder moved to foreclose. The dispute began when Plaintiffs, Gary Joy, Individually, and as Sole Member of Joy & Associates, L.L.C. (hereinafter, collectively, "Joy"), who previously served as the sole member of Crossroads Plaza, began seeking additional investors. He eventually approached Wainwright, his neighbor, with an offer to become a member of the business in exchange for an investment. Wainwright then sought information from Scott Conway (hereinafter, "Conway"), the president of First Citizens Bank (hereinafter, "FCB"), which held a mortgage on Crossroads Plaza. Apparently satisfied with the information he received from Conway and the representations made by Joy during their negotiations, Wainwright agreed to become a member and provided his required investment with proceeds he received from a loan issued by FCB. In August 2010, Wainwright and Joy executed a formal, Operating Agreement. (See Def.'s Mo. to Dismiss, Ex. B, p. 4.)

> Sometime thereafter, Joy used a portion of Wainwright's investment on expenditures related to a different shopping center he owned, the Shops at Pleasant Grove (hereinafter, "Pleasant Grove"). This sum included payments to cover the interest due on a loan Crossroads Plaza's [sic] received from Pleasant Grove. Although it is undisputed that using the funds in this way was permitted under the Operating Agreement, it

-2-

allegedly conflicted with a previous oral promise that Wainwright's investment would be used solely for Crossroad Plaza's tenant improvements.

In Spring of 2011, FCB changed the terms of the mortgage payments from interest only to principal plus interest. Joy and Wainwright then began negotiating with FCB to obtain a more manageable obligation. These efforts were unsuccessful, and the loans defaulted. In December 2011, Wainwright held a meeting with Joy in which he disclosed his plans to sue FCB. (See Def.'s Reply, Ex. A.) According to Wainwright, he also informed Joy that he might name him as a defendant after he had "see[n] all the numbers." (Id.)

On January 5, 2012, FCB filed a foreclosure action against Joy and Wainwright. On January 23, 2012, Wainwright counterclaimed, alleging Conway misrepresented Crossroads Plaza's financial condition and failed to disclose that funds from his investment would be used to pay off its debts.

Discovery commenced, and Wainwright informed Joy that he knew Joy "didn't do anything wrong," but had to add him as a defendant to "get to the bank, nothing more." (See Pl.'s Sur-reply, Ex. A Joy Aff. ¶ 7.) Wainwright also informed Joy's business counsel that he had to add Joy as a defendant to "strengthen their [sic] case against the bank." (See Sur-reply, Ex. B, Adams Aff. ¶ 6.)

On November 29, 2012, Joy admitted in a deposition that the possibility of using Wainwright's investment to make the interest payments owed to Pleasant Grove was not discussed before Wainwright obtained his loan from FCB. (Id., Ex. C, Joy Dep. 113: 13-20.) But he explained that using the funds in this way, and the possibility of Wainwright becoming an equity investor in Pleasant Grove, was discussed sometime after Wainwright invested in Crossroads Plaza.

(Id. 113:21-115:1.) Joy testified that he "wholeheartedly" believed Wainwright understood a portion of his investment would go towards Pleasant Grove. (Id. 187:21.) But he conceded that such an agreement was never put into writing. (Id., 187:23-25.) On January 2, 2013, Wainwright filed a crossclaim against Joy, alleging fraud, breach of fiduciary duty, and conversion.

On April 19, 2013, the Bullitt Circuit Court granted FCB's motion for summary judgment on its claims against Wainwright and his fraud claims against the bank. (See Def.'s Mo. to Dismiss, Ex. B.) The Court determined that there was no evidence that FCB or Conway failed to disclose any fact they had a duty to disclose. (Id.) On March 3, 2016, Joy moved for summary judgment on Wainwright's crossclaims, arguing Wainwright's [sic] could not prove the reliance necessary to prevail on fraud. (Id., Ex. A.) He pointed to statements in Wainwright's deposition in which he discussed reliance on representations made by Conway. (Id.) The Bullitt Circuit Court denied the motion, pointing to statements in Wainwright's deposition in which he alleged Joy was "complicit" in Conway's withholding of material facts about Crossroad Plaza. (Id.) The Bullitt Circuit Court held that these statements created an issue of material fact concerning Wainwright's reliance on Joy's alleged misrepresentations. (Id.)

The case proceeded to trial and the Bullitt Circuit Court entered a directed verdict in Joy's favor, finding that there was no evidence Joy acted outside the terms of the parties' Operating Agreement. (See Def.'s Mo. to Dismiss, Ex. D.) The Bullitt Circuit Court acknowledged that there was evidence Joy breached a promise to use Wainwright's investment solely for tenant improvements, but concluded that such a representation could not provide a valid basis for fraud because it conflicted with the terms of the parties' subsequent contract. (Id.) Wainwright did not appeal this judgment.

-4-

On June 8, 2017, Joy sued Wainwright for wrongful use of civil proceedings and abuse of process, alleging that Wainwright knowingly pursued a baseless crossclaim to improve his case against FCB. Wainwright then moved to dismiss. Relying on the doctrine of res judicata, Wainwright argued that the Bullitt Circuit Court's Order denying Joy's motion for summary judgment precluded a finding that he lacked probable cause or acted with improper purpose. Joy responded that an Order denying summary judgment did not invoke res judicata. He contended that there were genuine issues of material fact regarding Wainwright's motive and purpose in pursuing his crossclaim in light of evidence he sued Joy merely to "get to the bank." (See Pl.'s Resp., p. 12.)

Wainwright replied that he had probable cause to pursue fraud claims against Joy after Joy admitted in his deposition that he used funds from Wainwright's investment to cover expenses associated with Pleasant Grove. Joy sur-replied that this testimony did not provide probable cause because the record showed that Wainwright learned of, and consented to, expenditures on behalf of Pleasant Grove prior to his deposition.

Record ("R.") at 554-58.

On October 12, 2017, the circuit court denied Wainwright's motion for summary judgment. The court found there was a genuine issue of fact as to whether Wainwright filed his crossclaim against Joy merely to improve his position against FCB.

On July 13, 2018, the circuit court dismissed the abuse of process claim as time barred and struck the malicious prosecution claim for lack of clarity.

-5-

The only remaining claim against Wainwright and Zielke was wrongful use of civil proceedings.

On May 20, 2020, Wainwright moved for summary judgment. Zielke moved for summary judgment the next day. "Wainwright argued he [was] entitled to summary judgment because Joy [could not] prove the essential element of probable cause as he was entitled to act on Zielke's advice." R. at 2019. Wainwright's argument was based on two pieces of evidence: (1) his affidavit stating he made a full and fair disclosure to Zielke of all facts about his potential claims against Joy in the Bullitt Circuit Court proceedings; and Zielke's September 13, 2017 email to Wainwright informing him he had an advice of counsel defense to Joy's wrongful use of civil proceedings claim, if the court did not dismiss the claim. Zielke also moved for summary judgment arguing there was probable cause and no evidence of malice. In response, Joy argued Wainwright lacked probable cause to support his crossclaim and filed it for an improper purpose. But Joy submitted no evidence to support his position.

On March 5, 2021, the circuit court entered an order granting summary judgment for Wainwright and Zielke. The court found there was no factual dispute over Wainwright's advice of counsel defense, and that Wainwright and Zielke had probable cause to file the crossclaim. As to the lack of malice/improper purpose, the circuit court agreed with Zielke's argument and

-6-

found "the only evidence of an alleged improper purpose Joy . . . identified is an inference of malice stemming from the alleged absence of probable cause in initiating and continuing" the crossclaim. R. at 2028. These are two separate elements of wrongful use of civil proceedings. Thus, the court granted summary judgment for Wainwright and Zielke. This appeal followed.

On appeal, Joy argues: (1) summary judgment was premature and (2) there were genuine issues of material fact as to probable cause and improper purpose.

First, Joy argues summary judgment was premature because he had not yet deposed Wainwright and Zielke when the circuit court granted summary judgment. We review a circuit court's "determination that a sufficient amount of time has passed and that it can properly take up the summary judgment motion for a ruling . . . for an abuse of discretion." *Blankenship v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010). "It is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford Ins. Group v. Citizens Fid. Bank & Tr. Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979) (citing CR[1] 56.03).

Joy filed this action in 2017, and the circuit court's summary judgment order was entered in 2021. Wainwright moved for summary judgment

---

[1] Kentucky Rules of Civil Procedure.

-7-

on the last day the parties could file dispositive motions per the court's pretrial order. Although Wainwright sought a protective order staying his deposition until the circuit court ruled on his summary judgment motion, the circuit court denied his request. Joy took no further action to depose Wainwright or Zielke until the court heard oral argument on Wainwright's and Zielke's motion for summary judgment five months later. Thus, the circuit court did not abuse its discretion in ruling on Wainwright's and Zielke's motions for summary judgment.

Next, Joy argues the circuit court erred in granting summary judgment because there were genuine issues of material fact as to probable cause and improper purpose. We review the circuit court's grant of summary judgment under the following standard:

> "The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial counsel's assessment of the record or its legal conclusions." *Id.* (citing *Malone v. Kentucky Farm Bureau Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)).

*Stilger v. Flint*, 391 S.W.3d 751, 753 (Ky. 2013). In sum, we review *de novo*.

*Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 542 (Ky. App. 2013).

In a claim for wrongful use of civil proceedings, a plaintiff must prove all the following:

> 1) the institution or continuation of original judicial proceedings, 2) by, or at the insistence of, the plaintiff, 3) the termination of such proceedings in defendant's favor, 4) a wrongful purpose in the institution or continuation of such proceeding, 5) lack of probable cause for the proceeding, and 6) the suffering of damage as a result of the proceeding.

*Adkins v. Wrightway Readymix, L.L.C.*, 499 S.W.3d 286, 289-90 (Ky. App. 2016) (citing *D'Angelo v. Mussler*, 290 S.W.3d 75, 79 (Ky. App. 2009)).

Wrongful use of civil proceedings is a disfavored tort as "the law should and does protect [plaintiffs] when they commence a civil or criminal action in good faith and upon reasonable grounds." *D'Angelo*, 290 S.W.3d at 79 (quoting *Prewitt v. Sexton*, 777 S.W.2d 891, 895 (Ky. 1989)). Thus, "one must strictly comply with the prerequisites of maintaining an action for wrongful use of civil proceedings." *Id.*

In *D'Angelo*, this Court thoroughly addressed the element of probable cause. Whether there was probable cause to support the action is a question of law for the trial court to decide, and "[t]he jury's role is limited to adjudicating the facts necessary to enable the court to determine the existence, or lack, of probable

cause." *Id.* at 80 (citing RESTATEMENT (SECOND) OF TORTS § 681B(1)(c)). The burden is on the plaintiff to "prove that the proceeding was initiated or continued without probable cause." *Id.* Furthermore, the level of probable cause required in a civil action is less than is required in a criminal action:

> [W]hen the proceedings are civil, while the person initiating them cannot have a reasonable belief in the existence of the facts on which the proceedings are based if he knows that the alleged facts are not true and his claim is based on false testimony, it is enough if their existence is not certain but he believes that he can establish their existence to the satisfaction of court and jury. In a word, the initiator of private civil proceedings need not have the same degree of certainty as to the relevant facts that is required of a private prosecutor or criminal proceedings. In many cases civil proceedings, to be effective, must be begun before all of the relevant facts can be ascertained to a reasonable degree of certainty. To put the initiator of civil proceedings to a greater risk of liability would put an undesirable burden upon those whose rights cannot be otherwise effectively enforced.

*Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 675, comment (d)).

One mode of proving probable cause is relying on the advice of counsel defense. *Garcia v. Whitaker*, 400 S.W.3d 270, 275 (Ky. 2013). For this defense to apply, "[t]he allegations upon which the advising counsel acted must be truthful and complete." *Id.* Additionally, "[w]e have held that where reliance is placed upon advice of counsel, if there is a dispute on conflicting evidence about

-10-

the existence of a material fact disclosed, the question of full and fair disclosure is one for the jury." *Id.* at 276 (quoting *Reid v. True*, 302 S.W.2d 847 (Ky. 1957)).

Joy argues there are issues of fact about Wainwright's actual reliance on Zielke's advice. Joy asserts Wainwright's affidavit was self-serving, and it provides no detail about the full and fair disclosure he allegedly made to Zielke. Joy also argues Zielke's email to Wainwright that an advice of counsel defense was available is not dispositive. Joy argues the evidence shows Wainwright intended to sue Joy before FCB foreclosed in order to bolster the claims he thought he had against the bank.

The circuit court found Joy failed to submit "any affirmative evidence through testimony or deposition that indicates that Wainwright did not rely upon his counsel when bringing the cross-claim." R. at 2023. Joy's argument on appeal is based on the chronology of events that gave rise to the Bullitt Circuit Court action and those proceedings. Joy failed to discover evidence about any material fact Wainwright disclosed to Zielke. Thus, the circuit court correctly found Wainwright had probable cause for his crossclaim based on the advice of counsel defense. Because Wainwright had probable cause to support his crossclaim, we need not address whether he and Zielke acted with an improper purpose.

For all these reasons, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Glenn A. Cohen
Lynn M. Watson
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANTS:

Lynn M. Watson
Louisville, Kentucky

BRIEF FOR APPELLEE
LOWELL WAINWRIGHT:

Donald Killian Brown
Jeri Barclay Poppe
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE LOWELL
WAINWRIGHT:

Jeri Barclay Poppe
Louisville, Kentucky

BRIEF FOR APPELLEES
LAWRENCE ZIELKE AND
ZIELKE LAW FIRM PLLC:

J. Allan Cobb
Andrea R. Hunt
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEES LAWRENCE ZIELKE
AND ZIELKE LAW FIRM PLLC:

J. Allan Cobb
Louisville, Kentucky