RENDERED: MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0441-MR

SHM, 2601, LLC AND DINA, LLC                                APPELLANTS

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 21-CI-004243

DENISE BENTLEY; DAVID JAMES;
AND DONNA PURVIS                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE: SHM, 2601, LLC ("SHM"), and Dina, LLC, d/b/a Dino's

Food Mart ("Dino's"), (collectively "Appellants") filed a complaint alleging

defamation and other claims against the Appellees Denise Bentley, David James,

and Donna Purvis (collectively "Appellees"). The Appellees are members or staff

of the Louisville Metro Council sued in their individual capacities. The alleged

defamatory statements were made while the Appellees testified before the Louisville Metro Government Code Enforcement Board ("Code Board") about a nuisance violation complaint. The circuit court dismissed the Appellants' complaint, ruling the Appellees were witnesses in a quasi-judicial setting and thus were entitled to absolute immunity from civil damages resulting from the testimonies. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

SHM owns real estate located at 2601 West Broadway in Louisville. The tenant of this property, Dino's, owns and operates a gas station and grocery store by the same name. SHM received a notice from the Code Board in March 2020, as well as a notice of public nuisance violation in April 2020. The initial notice and later specific notice of public nuisance violation were issued to SHM pursuant to LMCO[1] § 156.057 alleging there was ongoing criminal activity on the premises of Dino's resulting in a public nuisance. Because Dino's was the tenant and not the owner, Dino's did not receive a notice of public nuisance.[2]

SHM appealed these notices to the Code Board. The Code Board held a hearing on SHM's appeal on July 24, 2020. At this hearing, the Appellees were

---

[1] Louisville Metro Government Code of Ordinance.

[2] LMCO § 156.057(C)(3) requires notice of a public nuisance be sent to the owner of the property in question.

sworn in as witnesses to provide testimony relating to activity on the premises owned by SHM and leased by Dino's. Among the Appellees' statements under oath were basically (1) Dino's premises were unsanitary and unclean, (2) Dino's and SHM engaged in or allowed criminal activity, including the sale of drugs and prostitution, (3) persons have been shot at the gas pumps at Dino's, (4) Dino's and SHM caused the shooting of David McAttee, (5) Dino's is equivalent to a "vampire, sucking the life out of West Louisville," and (6) Dino's "serves anyone with a social disfunction."

The Code Board upheld the notices. The Appellants state they appealed the Code Board's decision to the Jefferson District Court. According to the Appellants, the district court case is still pending. The record does not contain any documentation of any such appeal or its status.

The Appellants filed this action in the circuit court, alleging they were defamed by the statements made by the Appellees at the Code Board hearing. While the Appellants suggest some statements were also aired because of media coverage, the complaint does not allege anything additionally said by the Appellees other than what was said in the public hearing.

The Appellees filed a CR[3] 12.02 motion to dismiss the Appellants' complaint for failure to state a claim. The Appellees argued their testimonies at the

---

[3] Kentucky Rules of Civil Procedure.

Code Board hearing were privileged and entitled to absolute immunity. The Appellees' motion to dismiss was granted on December 29, 2021.

The Appellants filed a motion to alter, amend, or vacate, as well as a motion for findings of fact and conclusions of law. The circuit court granted the Appellants' motion for findings of fact and conclusions of law and entered its findings on April 1, 2022. The circuit court then denied the Appellants' motion to alter, amend, or vacate. This appeal followed.

## STANDARD OF REVIEW

For purposes of a CR 12.02 motion, we must accept the Appellants' factual allegations as true and draw all reasonable inferences in their favor. *Hardin v. Jefferson Cnty. Bd. Of Educ.*, 558 S.W.3d 1, 5 (Ky. App. 2018). Whether the circuit court correctly dismissed an action under CR 12.02 is a question of law. *Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 601 (Ky. 2011), *overruled on other grounds by Maggard v. Kinney*, 576 S.W.3d 559 (Ky. 2019). Therefore, we will review this matter *de novo*. *Id.*

## ANALYSIS

The Appellants argue the circuit court erred in dismissing their complaint as the Appellees' statements before the Code Board were not privileged and specifically not protected by absolute immunity. The absolute immunity at issue is "a judicially created privilege founded upon the belief that the

-4-

administration of justice requires witnesses in a legal proceeding be able to discuss their views without fear of a defamation lawsuit." *Curd v. Kentucky State Bd. of Licensure for Pro. Engineers & Land Surveyors*, 433 S.W.3d 291, 298 (Ky. 2014) (citations omitted). A witness, even if he or she knowingly gives false testimony, is entitled to absolute immunity from civil damages. *Stone v. Glass*, 35 S.W.3d 827, 828 (Ky. App. 2000).

"A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto." *Schmitt v. Mann*, 163 S.W.2d 281, 284 (Ky. 1942). Judicial statements are absolutely privileged when material, pertinent, and relevant to the subject under inquiry. *Id.* at 283.

The Appellees testified at the Code Board hearing, which is a quasi-judicial proceeding. Absolute immunity for witnesses also applies to quasi-judicial proceedings such as administrative hearings. *Begley v. Louisville Times Co.*, 115 S.W.2d 345, 348 (Ky. 1938). The Appellants have not challenged the quasi-judicial nature of the Code Board hearing.

The Appellants argue the Appellees' statements were not privileged as the statements were not material, pertinent, or relevant to the subject of the Code Board hearing. The determination as to whether a judicial statement is material,

pertinent, or relevant to the subject of inquiry is to be applied liberally, especially to witnesses. *Smith v. Hodges*, 199 S.W.3d 185, 194 (Ky. App. 2005).

The subject of the Code Board hearing regarded a possible public nuisance on the premises of Dino's. The Appellees testified as to the cleanliness of Dino's, as well as alleged criminal activity on Dino's premises. The Appellees' statements were clearly related to the Code Board's inquiry as to whether the operation of Dino's constituted a public nuisance. The statements were material and pertinent.

The Appellants argue the Appellees were not entitled to absolute privilege as the Appellees' statements were not "admissible." The Appellants do not explain why the statements were inadmissible. Some of the statements would appear to be hearsay, but this misses the point. The application of rules of evidence is not the question. This argument fails, because as mentioned in *Schmitt*, *supra*, judicial statements are absolutely privileged if they have some relation to the proceedings at hand.

The Appellants next argue the Appellees' statements were outside the scope of the Appellees' official duties, and thus should not be privileged. The Appellants engage in an extensive discussion of what is a ministerial versus discretionary duty of an official as explained in *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). *Yanero* examined the issue of qualified official immunity of

government officials and does not factor into the analysis of whether witness testimony is privileged. Whether testimony is within the scope of a witness' official duties is irrelevant in determining immunity for judicial statements. The question raised is whether the Appellees were liable in an individual capacity, not as city officials.

As part of this same inapposite argument, the Appellants insist the Appellees' statements were not privileged as they were made with malice. The Appellants have either confused the absolute testimonial privilege, which applies here, and a qualified testimonial privilege,[4] or the assessment of malice is offered as part of the contention the Appellees were acting in an official capacity and exercising discretionary duties.

Not only are statements made in judicial proceedings protected regardless of their truth, but the witness is also still protected from civil liability, even if the witness is malicious. *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1126 (6th Cir. 1990). As previously stated, the Appellees' statements at the Code Board hearing were relevant to the subject of the inquiry; therefore, even if Appellees' statements were made maliciously, said statements would still be absolutely privileged.

---

[4] Judicial statements that are not pertinent and material to the matter at issue are only qualifiedly privileged, *i.e.*, they are privileged only if made in good faith. *Maggard*, 576 S.W.3d at 567.

The Appellants then argue that the circuit court erred in dismissing their claims for invasion of privacy/false light, wrongful use of civil proceedings, and civil conspiracy. The Appellants' claim for invasion of privacy/false light fails as both Appellants are business entities, not human beings. 13 KY. PRAC. *Tort Law* § 16:1. "[I]f the case at bar turned upon the violation of a right of privacy, then the Company's cause would fail, because such a right is designed primarily to protect the feelings and sensibilities of human beings, rather than to safeguard property, business or other pecuniary interests." *Maysville Transit Co. v. Ort*, 177 S.W.2d 369, 370 (Ky. 1943).

The Appellants' claim of wrongful use of civil proceedings also fails. The elements of this particular cause of action are:

> (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*D'Angelo v. Mussler*, 290 S.W.3d 75, 79 (Ky. App. 2009).

Appellants argue that Appellees wrongfully continued the proceedings by testifying and thereby adding time to the Code Board hearing. This assertion stretches the meaning of "continue" beyond any reasonable understanding. The

only roles the Appellees played in the hearing were as witnesses providing testimony.  They did not institute or continue the Code Board hearing.

Even if the Appellants could make a case of a continuation of the proceedings by the Appellees, another reason would bar the wrongful civil proceedings claim.  Since the Appellants' alleged appeal of the Code Board's decision is supposedly still pending before the Jefferson District Court, there has been no termination of such proceedings in the Appellants' favor, an element of the claim.  The Appellants' claim of wrongful use of civil proceedings was properly dismissed.

The Appellants' next claim is that of civil conspiracy.  Civil conspiracy has been defined as "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Smith v. Bd. of Educ. of Ludlow*, 94 S.W.2d 321, 325 (Ky. 1936).  "In order to prevail on a claim of civil conspiracy, the proponent must show an unlawful/corrupt combination or agreement between the alleged conspirators to do by some concerted action an unlawful act." *Peoples Bank of Northern Kentucky, Inc. v. Crowe Chizek and Co. LLC*, 277 S.W.3d 255, 261 (Ky. App. 2008).

The Appellants allege there was concerted action on behalf of the Appellees that constitutes civil conspiracy as the Appellees each gave false

testimony back-to-back. Civil conspiracy is not a free-standing claim – instead, it merely provides a theory from which a plaintiff may recover from multiple defendants for an underlying tort. *See Davenport's Adm'x v. Crummies Creek Coal Co.*, 184 S.W.2d 887, 888 (Ky. 1945). Since the circuit court properly dismissed the other causes of action made by the Appellants, the claim of civil conspiracy has no underlying tort to be based upon and cannot survive.

Finally, in their complaint and brief, the Appellants make several vague statements that they are being targeted for discrimination because the store is being operated by "persons of Middle Eastern descent." The right to be free from discrimination based on race or national origin is a statutory right, and the Appellants cite to no statute which would give rise to a discrimination claim nor do they otherwise plead such a claim based upon the other allegations they have made. *See Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 854 (Ky. 1981).

## CONCLUSION

The circuit court correctly determined the Appellees' testimonies at the Code Board hearing to be privileged and entitled to absolute immunity from civil damages. The circuit court's dismissal of the Appellants' complaint is AFFIRMED.

ALL CONCUR.


BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Nader George Shunnarah          Michael J. O'Connell
Louisville, Kentucky          Andrew Miller
                              Robbie Howard
                              Louisville, Kentucky